(No. 31287

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARLEY BUTLER, Plaintiff in Error.

*Opinion filed March 22, 1950.*

HARLEY BUTLER, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and CLYDE L. FLYNN, JR., State's Attorney, of Elizabethtown, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An indictment returned in the circuit court of Hardin County on November 10, 1931, charged the defendant, Harley Butler, with the crimes of burglary and larceny. Several days later he appeared before the court, waived formal arraignment and trial by jury, and entered a plea

of guilty to burglary and larceny as charged in the indictment. He persisted in such plea though admonished by the court as to its nature, effect and consequences. The court then heard the evidence, made a finding that defendant was sixteen years old, and, after suspending sentence, admitted defendant to probation for a period of one year. Aside from continuances from term to term, the record next discloses that defendant appeared in court on November 15, 1932, and being unable to show why judgment of the court should not then be pronounced against him on his plea of guilty, was sentenced to the Illinois State Reformatory at Pontiac, Illinois, for a term not to exceed the maximum, nor less than the minimum, provided by law for the crime for which the defendant was convicted and sentenced.

Defendant appears here *pro se,* and prosecutes this writ of error to review his conviction. He has presented the common-law record but no bill of exceptions. He contends: (1) That the court did not fully and properly explain to him the consequences of his plea of guilty; (2) that the judgment is vague, indefinite, uncertain and impossible of enforcement, and (3) that the court erred in not fixing the term of the sentence in a manner by which defendant, the warden and the parole authorities might know the duration of his sentence.

At the outset it should be pointed out that defendant's brief and argument is of little value to himself or the court. It is admittedly based on a brief submitted by the plaintiff in error in the case of *People* v. *Rewitzer,* No. 30666, (not published,) in which the People confessed error on the record for the very reasons urged here. In his zeal to secure a reversal, defendant, in his brief, has gone so far as to represent portions of the *Rewitzer* record as being the record of his conviction. In at least one instance, on the issue of whether or not he had counsel, defendant has misrepresented the state of his own record. Such tactics merit naught but censure, and avail the defendant nothing.

We would be justified in holding that he has abandoned his assignment of errors, inasmuch as his argument is based on the record in the *Rewitzer case*.

Defendant's contention that the record and judgment do not state the crime for which he stands convicted is arrived at only by his ignoring all parts of the record but the formal judgment order. The record recites that he entered a plea of guilty to "burglary and larceny as charged in the indictment." The formal judgment which follows states that he "enters a plea of guilty as charged in the indictment." A consideration of the whole record, and the reasonable intendments of the language used in the formal order, leaves no vagueness or uncertainty as to the crime of which defendant was convicted. A specific finding of guilty by the court is not, as defendant contends, necessary after a plea of guilty has been entered.

Nor is there merit to the contention that the failure to fix his sentence in terms of years makes it impossible for interested parties to determine the duration of his sentence. The established rule is that the term fixed by the section of the Criminal Code of which the defendant stands convicted is read into every judgment. (*People* v. *Pond,* 390 Ill. 237; *People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241.) Its application in the instant case is sufficient to eliminate defendant's objection.

On the assumption that his sentence was erroneous, defendant argues that the court could not have properly admonished him as to the consequences of his plea of guilty. The record here contains a recital that the court admonished the defendant as to the nature, effects and consequences of such plea, but that the defendant persisted and again entered a plea of guilty. Such a recital, standing alone, shows sufficient compliance with the statute (Ill. Rev. Stat. 1949, chap. 38, par. 732,) to warrant a sentence. (*People* v. *Fuhs,* 390 Ill. 67; *People* v. *Childers,* 386 Ill. 312.) Further, it is not necessary for the record to show

the particular words of warning. (*People* v. *Farris*, 392 Ill. 267; *People* v. *Williams*, 383 Ill. 348.) A recital, as set forth above, also raises the presumption that the court discharged its duty, which presumption can only be overcome by other matters appearing of record. (*People* v. *Sprague*, 371 Ill. 627; *People* v. *Blumberg*, 314 Ill. 567.) There is nothing in the present record to indicate that the court did not properly discharge its duty, or that it did not inform defendant of the duration of his sentence. *People* v. *Meyers*, 397 Ill. 286, on which defendant relies, is readily distinguished, for there the presumption was overcome by a manifestly erroneous sentence which appeared in the record. The sentence in the instant case was a proper one.

The record presented is not susceptible to defendant's assignments of error; the judgment of the circuit court of Hardin County is therefore affirmed.

*Judgment affirmed.*