(No. 31787.

The People *ex rel.* Will Jones, Petitioner, *vs.* Browning Robinson, Warden, Respondent.

*Opinion filed September 21, 1951.*

Will Jones, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, for respondent.

Mr. Justice Hershey delivered the opinion of the court:

This is an original petition for a writ of *habeas corpus,* filed in this court in the name of the People upon the relation of Will Jones, directed to Browning Robinson, Warden of the Illinois State Penitentiary at Menard, praying for the discharge of petitioner, a prisoner in said penitentiary by virtue of a certain *mittimus* issued out of the circuit court of St. Clair County. Petitioner appears *pro se.*

The petitioner does not contend that his original imprisonment was unlawful. He does contend that he should be discharged, as provided in paragraph 2 of section 22 of the Habeas Corpus Act, (Ill. Rev. Stat. 1949, chap. 65, par. 22,) because of certain events which have taken place subsequent to his imprisonment.

The undisputed facts are disclosed by the pleadings. On November 16, 1922, the petitioner was convicted of armed robbery in the circuit court of St. Clair County and

sentenced to the penitentiary for an indeterminate sentence of not less than ten years or for life. At the January, 1927, meeting of the Division of Pardons and Paroles, petitioner's application for parole was denied. In December, 1932, petitioner was again denied parole, and his case was continued to December, 1933. On December 12, 1933, an order was entered paroling petitioner, "effective on the date the Tennessee authorities come for him. If not taken case to be referred back to the Board." The return to the writ, filed by the Warden, shows that on January 3, 1934, petitioner was released from the Illinois State Penitentiary and surrendered to the custody of the authorities from the Tennessee State Penitentiary, under a charge that he had previously escaped from said penitentiary. Thereafter, the Division of Pardons and Paroles considered petitioner as in the status of a parolee, and in January, 1940, declared him to be a defaulter on out-of-State parole. At a subsequent meeting he was held not to be a parole violator, was ordered to resume parole and was granted permission to do out-of-State parole in Missouri. In 1949 relator was again arrested, declared to be a violator of out-of-State parole as of September 22, 1949, returned to the penitentiary, and his case was continued to October 5, 1954.

In his petition for *habeas corpus* petitioner seeks his liberty on the ground that he was not released from the penitentiary by virtue of any parole issued by the Parole Board and that he was, in fact, released from the penitentiary by virtue of a warrant of extradition issued by the Governor of Illinois upon the demand of the Governor of Tennessee, which resulted in his being taken from the Illinois State Penitentiary and surrendered to the authorities from the State of Tennessee. It is his contention that his extradition while he was in the service of the sentence of the St. Clair County circuit court operated as a waiver of any further jurisdiction over his person by the authorities of the State of Illinois. The allegation that petitioner was

removed from the penitentiary and surrendered to the authorities of a foreign State pursuant to a warrant of extradition issued by the Governor of this State is expressly denied in an amendment to the respondent's return filed in this court after leave granted.

We have previously held that the surrender of a fugitive by the Governor of this State, pursuant to requisition from the Governor of another State, while the fugitive is a prisoner in the service of a sentence in Illinois, operates to waive any further jurisdiction over the person of the prisoner. (*People ex rel. Barrett* v. *Bartley*, 383 Ill. 437.) On the other hand, we have held that where a prisoner was lawfully sentenced by a court of competent jurisdiction and thereafter, without the express authority of the Governor of this State, was illegally and improperly turned over to the authorities of a foreign State, while in the service of his sentence, such release did not amount to a waiver of jurisdiction over his person and created no right in the prisoner to be discharged. (*People ex rel. Milburn* v. *Nierstheimer*, 401 Ill. 465.) Under the authority of these cases it would appear that if the allegations of the petition are true the petitioner would be entitled to his discharge, while if the allegations of the amended return are true, he should be remanded to the custody of the Warden. The petition and return, as amended, present an issue of fact which must be decided before the petitioner's rights can be determined.

The constitution limits to three classes the causes which may be started in this court as original actions, namely, those relating to revenue, *mandamus*, and *habeas corpus*. (Const., art. VI, sec. 2.) The established rule is that this court will not assume jurisdiction of an original action if the pleadings present an issue of fact. (*Monroe* v. *Collins*, 393 Ill. 553.) In *habeas corpus* proceedings the usual procedure in this court has been to form an issue of law by demurrer, or motion to strike the petition, or like action

directed to the return of the respondent. In either event the demurrer admits the matter well pleaded, and thus, either the facts of the petition or the return being admitted, a question of law is presented to determine which this court may assume jurisdiction. (*People* v. *Loftus,* 400 Ill. 432.) Such procedure was not followed in the instant case, and, as has already been pointed out, we are foreclosed from determining the issues of fact presented by the pleadings.

For the reasons stated, the petition must be dismissed and the petitioner remanded to the custody of the Warden.

*Petitioner remanded.*