(No. 32921.—

THE PEOPLE *ex rel.* William Holzapple, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed January 20, 1954.*

WILLIAM HOLZAPPLE, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, of counsel,) for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an original petition for a writ of *habeas corpus* by William Holzapple, a prisoner in the State penitentiary at Joliet. The respondent is Joseph E. Ragen, warden of the penitentiary.

On December 3, 1920, petitioner committed burglary and an indictment for the crime was returned in the April term, 1921, of the criminal court of Cook County. After a finding of guilty petitioner was granted probation April 29, 1921. The People contend that probation was extended on April 22, 1922, to April 29, 1923, contrary to the assertions of petitioner. During this alleged period of extended probation petitioner left the State of Illinois and committed and was convicted of certain crimes in the States of Rhode Island and Massachusetts. Consequently, on March 19, 1923, the criminal court of Cook County revoked his probation and issued a warrant for his arrest. Petitioner was rearrested and brought before the criminal court of Cook County April 23, 1942, and was sentenced to the peni-

tentiary in accordance with the statute for a period of not less than one year nor more than life.

Thereafter on May 10, 1943, the petitioner was released on a writ of *habeas corpus* filed in the criminal court of Cook County before Judge Sbarbaro. The basis for his release was that the petition for said writ set forth that the petitioner, after his probation had been set aside, was brought before the court on April 23, 1942, and sentenced to the penitentiary for a term of one year to life, while at the time of the commission of said crime on December 3, 1920, the statute then in force as applied to burglary provided for an imprisonment of one to twenty years. The court held that the sentence imposed on the petitioner was therefore void.

On June 19, 1944, pursuant to an order of this court in the consolidated case of *People ex rel. Barrett* v. *Sbarbaro*, 387 Ill. 37, the order entered by the criminal court of Cook County on May 10, 1943, was ordered expunged. Petitioner thereafter was extradited from the State of Indiana, and on May 9, 1952, was returned to this State and confined to the penitentiary at Joliet where he is still confined.

The petitioner contends that the writ should be allowed in the instant case for the following reasons: (1) that his probation was not extended by the criminal court of Cook County on April 22, 1922, for a period of one year as claimed by the People, and therefore that at the time his probation was revoked his period of probation had expired; (2) that he was deprived of due process of law at the hearing before the criminal court of Cook County on April 23, 1942, at which time his probation was revoked and sentence was imposed upon him because the court refused to allow him to obtain counsel (however, the record indicates he was represented by counsel), and as a result he was deprived of his right to a full and proper hearing; (3) that the writ of *mandamus* awarded by this court on

May 16, 1944, and the expunging of the order of discharge on June 10, 1944, was obtained by fraud and without legal effect; and (4) finally that the court sentencing him to the penitentiary, where he is now confined, did not have jurisdiction of his person nor of the subject matter of this action.

The respondent made due return to the writ of *habeas corpus* setting forth that the petitioner was held by virtue of a judgment entered by the criminal court of Cook County on April 23, 1942, after revocation of probation, on conviction of the petitioner of the crime of burglary. The respondent also filed a motion to quash the court's writ of *habeas corpus,* demurred to the petition and prayed judgment quashing the writ and remanding the petitioner to custody of the respondent.

The first contention of the petitioner, that his probation was not extended by the criminal court of Cook County on April, 1922, for a period of one year, is directly denied by the respondent, and thus presents an issue of fact. This court will not assume jurisdiction of an original action if an issue of fact is presented. (*People ex rel. Jones* v. *Robinson,* 409 Ill. 553; *Monroe* v. *Collins,* 393 Ill. 553.) Therefore, there is no merit in the contention for the allowance of the writ.

The second contention of the petitioner is that he was deprived of due process of law at the hearing held in the criminal court of Cook County on April 23, 1942, at which time his probation was revoked and sentence imposed upon him. His first reason for this contention is that the court did not allow him counsel. The record indicates the contrary, and there is no foundation for this claim. He further contends that the order revoking his probation was void for the reason that no part of the statutes of Illinois relating to probation makes a conviction of crimes in violation of the laws of another State a violation of probation. Section 8 of the Probation Act, (Ill. Rev. Stat.

1951, chap. 38, par. 791; Jones Ann. Stat. 37.778,) provides that should any probationer found guilty of a felony depart from this State without the prior leave of the court that placed him on probation, such act shall of itself operate as a termination of his probation and he shall thereupon be proceeded against as a fugitive from justice, and when rearrested and brought before the court, the court entering such judgment shall have power to set the same aside and proceed in its discretion with respect to such probationer as though such judgment had never been entered. Section 4 of the same act (Ill. Rev. Stat. 1951, chap. 38, par. 787,) provides that as a condition of release on probation, the probationer, "if convicted of a felony or misdemeanor, he shall not, during the term of his probation, leave the state without the consent of the court which granted his application for probation." Petitioner makes no claim that he was given permission to leave the State of Illinois by the court which granted probation. Moreover, it would be entirely impossible for petitioner to commit and be convicted of crimes in the States of Massachusetts and Rhode Island, and be committed to their penal institutions had he never left the State of Illinois. By leaving the State of Illinois petitioner violated his alleged extended probation, and the court quite properly could revoke his probation.

Section 7 of the Probation Act provides in part that upon the termination of the probation period, the probation officer shall report to the court the conduct of the probationer during the period of his probation. The court may thereupon extend the probation period not to exceed six months in cases of a violation of a municipal ordinance, and not to exceed two years in other offenses. Therefore, the extension of the petitioner's probation period, if true, as contended by the People, was within the jurisdiction of the trial court.

The third contention of the petitioner is that the order of this court, in the case of *People ex rel. Barrett* v.

*Sbarbaro,* directing Judge Sbarbaro to expunge his order discharging petitioner was obtained by the deceit, misrepresentation, and fraud of the then Attorney General. He alleges, and it is nowhere disputed, that his case was included along with a consolidation of eleven others in which discharge orders had been issued by the criminal court of Cook County. In each of the other eleven cases the court in *habeas corpus* proceedings had found that each of the prisoners had served his maximum sentence under the "Recommendation Law" of the Parole Act. (Ill. Rev. Stat. 1941, chap. 38, par. 802.) That act had been subsequently held invalid by this court.

Petitioner alleges that his petition for a writ of *habeas corpus* was allowed in the criminal court of Cook County not because he was sentenced under the "Recommendation Law," as in the case of the other eleven prisoners involved in *People ex rel. Barrett* v. *Sbarbaro,* but because he was erroneously sentenced from one year to life for a burglary of which he was convicted in 1922, at which time the legal punishment fixed by statute was one to twenty years. (Hurd's Stat. 1921, chap. 38, par. 65.) This court expunged the order of the criminal court discharging Holzapple from custody for the reason that his sentence was erroneous as containing an advisory recommendation of the trial judge as to punishment. This court's judgment, therefore, was based on a ground never urged by petitioner in his original *habeas corpus* petition and having no basis in fact. However, this court was justified in expunging the order of discharge entered in the *habeas corpus* proceedings filed by the petitioner in the Cook County criminal court because that court was in error in holding void the sentence of the petitioner for a period of one year to life, when in fact according to the statute in force at the time of the commission of the crime he should have been sentenced for a period of one to twenty years. It is error to discharge a prisoner for a mere error involving the correctness of

his sentence, unless he has already served the maximum term for which he could have been lawfully sentenced. The proper procedure is to remand the cause for the entry of a proper sentence. (*People* v. *Wooten,* 392 Ill. 542; *People ex rel. Carlstrom* v. *Eller,* 323 Ill. 28.) Moreover, *habeas corpus* was not the proper remedy for the petitioner to pursue to attack the correctness of his sentence. The criminal court of Cook County had jurisdiction to hear and determine the charge of burglary preferred in the indictment against petitioner and had jurisdiction of his person at the trial. Likewise, petitioner had violated his parole and was subject to the jurisdiction of that court for his subsequent sentencing. Writ of error was the proper remedy for a direct attack upon the correctness of the sentence. *Habeas corpus* is not the proper remedy to seek discharge where the petitioner is in custody by virtue of a final judgment or decree of any competent court of civil or criminal jurisdiction having jurisdiction of the person and subject matter and the power to impose sentence. *People er rel. Manyx* v. *Whitson,* 74 Ill. 20; *People ex rel. Georgetown* v. *Murphy,* 202 Ill. 493; *People* v. *Eller,* 323 Ill. 28.

Therefore although this court in the said *mandamus* proceeding issued its peremptory writ expunging the order of discharge of the petitioner for a wrong reason, yet said order can be substantiated for the foregoing reason. Thus, being capable of substantiation on other grounds cognizable by this court, the order may be approved as correct though it recites an invalid reason. (49 C.J.S. 51, 52; *Kipp* v. *Clinger,* 97 Minn. 135, 106 N.W. 108.) This court may take judicial notice of its own record, (*People ex rel. Chicago Dryer Co.* v. *City of Chicago,* 413 Ill. 315; *Lee* v. *Finley,* 413 Ill. 445,) and the records here supply sufficient additional grounds for the order.

The fourth and final contention raised by the petitioner is adequately and conclusively determined during the course

of the foregoing discussion. It is clear and certain that the court which sentenced petitioner to the penitentiary had complete jurisdiction of his person and of the subject matter of this action. Consequently, that issue does not entitle petitioner to this writ of *habeas corpus.*

Petitioner having raised no issue cognizable by this court or entitling him to discharge, the writ of *habeas corpus* is quashed as prayed, and the petitioner is remanded to the custody of the respondent warden.

*Petitioner remanded.*