(No. 33604.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HOLZAPPLE, Plaintiff in Error.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

HOWARD E. SMITH, JR., of Geneva, PRENTICE H. MAR-
SHALL, and THOMAS P. SULLIVAN, both of Chicago, for
plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and
JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED
G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN
T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L.
CARLIN, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the
court:

On April 18, 1921, plaintiff in error, William Holz-
apple, pleaded not guilty to the charge of burglarizing a
certain garage in Cook County and feloniously taking per-
sonal property in the amount of $77. On April 29, 1921,
his plea was withdrawn and he then pleaded guilty. This
plea was accepted by the court together with an application
for probation. Plaintiff in error was placed on probation
for a one year period and was ordered to make restitution
in the amount of $239 payable at the rate of $20 per month.

This probation order, together with an order continuing the cause for one year, was entered April 29, 1921. On April 10, 1922, the trial court was notified by the probation officer that due to sickness and death in his family plaintiff in error was unable to make restitution and he recommended extension of the probation period for another year. On April 22, 1922, an order extending the probation period for an additional year was entered.

On March 19, 1923, the trial court was notified by the probation officer that plaintiff in error had violated the terms of his probation. It appears that no restitution of any amount was made and that during this probationary period plaintiff in error left the State of Illinois and committed certain crimes in Rhode Island and Massachusetts for which he was convicted. Upon his rearrest and appearance before the criminal court of Cook County on April 23, 1942, he was sentenced to the penitentiary for a period of not less than one year nor more than life. The validity of the judgment and sentence of the court entered on April 23, 1942, is the subject of the writ of error here presented.

It further appears that on May 10, 1943, Holzapple was released on a writ of *habeas corpus* filed in said criminal court. (See *People ex rel. Holzapple* v. *Ragen,* 2 Ill.2d 124.) Thereafter this order was in turn ordered expunged by reason of the opinion of this court in *People ex rel. Barrett* v. *Sbarbaro,* 387 Ill. 37. After extradition from Indiana he was returned to this State and confined to the penitentiary on May 9, 1952.

Plaintiff in error attacks the validity of the judgment claiming that it was not entered before the defendant was committed to probation, that no probation investigation was ordered by the trial court in the first instance, that the condition of restitution of the amount of $239 was an invalid award of damages, that probation was extended prior to the expiration of the original probation period, that the extension was granted solely because defendant

failed to make payment of the invalid award, that the cause was not continued for the extended period of probation and that the probation was ordered revoked long after its expiration date.

The record in this case shows the acceptance by the court of defendant's plea of guilty and such plea raises the legal inference of a finding of guilty by the court. (*People* v. *Dodge*, 411 Ill. 549.) The record recites that the court was fully advised in the premises and the court found that defendant was entitled to release on probation. This benefit conferred upon the defendant cannot be attacked under our holding in *People* v. *Penn*, 302 Ill. 488. It also appears plaintiff in error is mistaken in his assertion that no order was entered continuing the cause for the period of probation.

The award of restitution, if excessive, is not void but merely erroneous as to the excess and may be regarded as surplusage. From the probation laws in force at the time it clearly appears that the court had power to order restitution. The record before us does not show the circumstances under which the amount was determined. The court had jurisdiction of both the subject matter and the person and it follows that the erroneous condition of an excessive amount of restitution could not have voided the order of probation. *People* v. *Stucker*, 5 Ill.2d 55.

It appears that the extension of the original period of probation for one year's period of time, as ordered by the trial court, was to be effective as of the end of the first year's period so that, in all, the defendant was afforded the maximum probation period of two years allowed by the statute. Plaintiff in error relies upon the holdings of this court in *People* v. *Cahill*, 300 Ill. 279, and *People* v. *McMurray*, 391 Ill. 271, as authority for the proposition that the extension of a one-year probation order entered before the actual expiration of that period is void. An examination of the *Cahill case* reveals that the trial court

did not enter an order extending the original period of probation of that defendant. The result there was that the court attempted to enter an order after it had lost jurisdiction. It is to be noted that in the present case the trial court did enter an order extending the period of probation. In the *McMurray case* the trial court did not attempt to take any action in respect to revocation of probation until several months had passed after the maximum statutory period of probation expired. As pointed out in the latter case two years was the longest possible period of time to which action upon probation could be postponed under the statute. In the *Cahill case* we pointed out that a defendant could upon no charge be placed on probation for a longer period of time than one year in the first instance, and that the statute did not authorize, at the termination of the probation period, an extension of the probation period for any term longer than one year. In the *McMurray case* the defendant was admitted to probation October 13, 1936, for a period of one year. There was no extension of this one year period and on February 8, 1939, the original probation order was vacated. Although it appeared that the court entered some type of order May 23, 1937, continuing defendant's probation, no specific time seems to have been fixed by the court. On page 276 of the *McMurray* opinion we declared that the trial court did not, after defendant's appearance in court on June 30, 1937, enter any of the orders required by statute and consequently lost jurisdiction of the case. We further declared that if, however, it be deemed defendant was recommitted to probation it could not be for a longer period than one year and that the exercise of jurisdiction by the court after that period would be a nullity. It further appears in the latter case that the grounds for revocation of the defendant's probation were erroneous and that defendant was therefore guilty of no violation of his probation. It is manifest that the *Cahill*

and *McMurray* decisions are clearly distinguishable and cannot support the contentions of plaintiff in error here.

At the time of commission of the offense the statute fixed the punishment for burglary at not less than one year nor more than twenty years. The court's judgment and sentence in the present case imposing a term of not less than one year nor more than life was evidently entered under the statute in force at the time of the sentence. This was clearly erroneous and plaintiff in error is entitled to a proper judgment and sentence under the law in force and effect at the time of the commission of the offense. The sentence is not void but merely erroneous. (*People ex rel. Holzapple* v. *Ragen*, 2 Ill.2d 124.) The judgment and sentence of the criminal court of Cook County is hereby reversed and the cause remanded to said court for a proper sentencing of plaintiff in error.

*Reversed and remanded, with directions.*