(No. 35834.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLYDE VERNELL, Plaintiff in Error.

*Opinion filed November 28, 1960.*

SCHWARTZ & ZABAN, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case is before us on a writ of error to the criminal court of Cook County to review the defendant's conviction of the crime of rape.

Defendant first contends that he was indicted only for the crime of assault with intent to commit rape and was convicted of the crime of rape. The record shows that the indictment was in two counts. The first count charged defendant with the crime of rape. The second count, which was on a separate piece of paper, charged defendant with the crime of assault with intent to commit rape. The two pages were then stapled together, so that count I was the first page of the indictment and count II was the second page thereof. There were no endorsements on the back of the first page which constituted the first count of the indictment, but the back of the second page, constituting the second count, bore the endorsement "Indictment for Assault with Intent to Commit Rape." All subsequent proceedings in the cause bore the caption "Indictment for Assault with Intent to Commit Rape." Defendant contends that by reason of these facts the indictment charged only the crime of assault with intent to commit rape and did not charge him with the crime of rape of which he was convicted. This contention cannot be sustained. In determining whether an indictment charges a crime we look at the body of the indictment rather than the endorsements on the back thereof, and if a crime is charged in the indictment a defendant may be convicted of that crime, though that crime is not endorsed on the indictment. (*People* v. *Duden,* 3 Ill.2d 16.) Count I of the indictment properly charged defendant with the crime of rape and the indictment was sufficient to afford a basis for defendant's conviction of that crime.

Defendant contends that by reason of the endorsement on the back of the indictment, he was not properly advised

of the nature of the charges against him. The record shows that at the arraignment defendant was furnished with a copy of the indictment and the reading of the indictment was waived. Since we have held that the indictment properly charged defendant with the crime of rape and since he was furnished with a copy of the indictment, it follows that he was properly advised of the charge against him.

Defendant's second assignment of error relates to his sentence. The bill of exceptions shows that at the conclusion of the evidence the court stated "Motion in arrest of judgment denied. Judgment on the finding, defendant guilty in manner and form as charged in the indictment. Sentenced to the penitentiary for one year to life." The common-law record shows that defendant was sentenced to the penitentiary for a term of life imprisonment. The indeterminate sentence appearing in the bill of exceptions was improper, since the crime of rape is punishable by a definite sentence. (Ill. Rev. Stat. 1951, chap. 38, par. 801.) However, the sentence was not void but was merely erroneous. In such a case, where the conviction is valid and only the sentence is erroneous, the judgment will not be reversed absolutely nor will it be reversed and the cause remanded for a new trial. The rule is that the judgment will be reversed and the cause remanded to the trial court for the rendition of a proper judgment. (*People* v. *Holzapple*, 9 Ill.2d 22; *People* v. *Atkinson*, 376 Ill. 623.) The judgment of the criminal court of Cook County is therefore reversed and the cause remanded to said court with directions to enter a proper sentence.

*Reversed and remanded, with directions.*