(No. 35493.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT CLEGGETT, Plaintiff in Error.

*Opinion filed September 22, 1961.*

SAMUEL PAPANEK, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was sentenced to the penitentiary following pleas of guilty to seven indictments, six of which charged him with the crime of armed robbery and the other with assault with intent to commit murder and assault with a deadly weapon. His principal contention on this writ of error is that the court erred in accepting his pleas of guilty when there was presented to the court a *bona fide* issue as to sanity of the defendant.

The facts, insofar as they relate to this contention, show

that the defendant, while represented by the public defender, originally entered pleas of not guilty, that later counsel of defendant's choice entered the case and requested a behavior clinic examination, and that the court ordered such an examination and report. Still later the defendant, in the presence of his counsel, withdrew his pleas of not guilty and pleaded guilty to each indictment. The trial judge properly advised the defendant of the consequences of his pleas of guilty before allowing him to change his pleas. The record does not show that the behavior clinic report was made.

Defendant argues that there was presented to the trial court an issue as to the then sanity of the defendant, and that, under these circumstances, the court erred in accepting the pleas of guilty. We are unable to agree with this contention. We accept the premise that when there is a *bona fide* issue as to defendant's sanity or when facts are brought to the attention of the court or the court itself observes facts which create a *bona fide* doubt as to the sanity of a defendant, the court should not accept a plea of guilty until that doubt has been resolved. We do not, however, find in this record any such facts creating a *bona fide* doubt as to defendant's sanity sufficient to require that the trial judge cause a sanity hearing to be conducted before accepting a plea of guilty.

This court has held that it is the duty and responsibility of a defendant or his counsel to raise the question of whether the defendant is insane at the time of trial. (*People* v. *Reck,* 392 Ill. 311; *People* v. *Maynard,* 347 Ill. 422; *People* v. *Hart,* 333 Ill. 169.) When, before or during trial, facts are brought to the attention of the court, either by suggestion of defense counsel or the State or by the court's own observation, which raise a *bona fide* doubt of defendant's then sanity, a duty devolves upon the court to cause a sanity hearing to be held. *People* v. *Burson,* 11 Ill.2d 360.

Here there appears to have been no previous adjudica-

tion of mental incompetency, nor was there any request for a sanity hearing by defendant or his counsel. Neither are there any facts in the record to establish such a *bona fide* doubt of defendant's sanity as to require the court to cause a sanity hearing to be held. The only suggestion of lack of mental capacity on the part of defendant is the request by his counsel for a behavior clinic examination and report. It is not uncommon for defense counsel to make such a request, and the request may be made for a variety of reasons. Under the circumstances, we do not regard the fact that such a request was made and later abandoned as sufficient to create such doubt of defendant's sanity as to preclude the trial court from accepting a plea of guilty. The fact that defense counsel was willing to have defendant change his plea suggests that he had either satisfied himself that the report would contain nothing to suggest that defendant was insane or that he himself had not sufficient doubt of defendant's sanity to warrant waiting for the report. The trial judge had ample opportunity to observe the defendant on several occasions and apparently observed nothing in defendant's actions to create a doubt of his sanity.

The portion of section 12 of division II of the Criminal Code (Ill. Rev. Stat. 1957, chap. 38, par. 592) relied upon by defendant does not cover the situation with which we are now concerned. It is there provided, in effect, that if a sanity hearing is held before trial and it is determined that the defendant is insane or feeble minded, he shall not be tried during the continuance of such condition. That provision is of no help in determining the question of when the court is required to hold a sanity hearing before proceeding on the criminal charge. The cases of *People* v. *Varecha*, 353 Ill. 52, and *People* v. *Maynard*, 347 Ill. 422, relied upon by defendant, are also clearly distinguishable from the case at bar. In each of those cases there had been a previous adjudication of mental incompetency and there had been no determination that the defendant had been restored to a con-

dition of mental health. No such factors are present in this case. We hold, therefore, that the court did not err in accepting defendant's pleas of guilty. *People* v. *Robinson,* 22 Ill.2d 162.

Defendant also contends that he was not properly arraigned on two of the indictments and that the record does not show that he was given a copy of the list of jurors and witnesses. With respect to the latter statement, defendant is mistaken, as the common-law record clearly indicates that, in the case of all seven indictments, defendant was given a copy of the indictment with the list of the witnesses appearing thereon. With respect to the contention that he was not properly arraigned, the record shows in the case of five of the indictments that defendant was arraigned and pleaded not guilty but later changed his plea to guilty. With respect to the other two indictments, the common-law record fails to show affirmatively this first arraignment at which defendant pleaded not guilty, but does show that he changed his plea to guilty, from which it can be inferred that he had previously been arraigned and pleaded not guilty. Regardless, however, of whether or not there had been a previous arraignment on the two indictments in question, the proceeding at which defendant pleaded guilty appears to have been in itself a sufficient arraignment. In any event, there is no question but that defendant entered a plea of guilty after the consequences of such plea had been explained to him by the judge. This plea of guilty waived all errors not jurisdictional. *People* v. *Fisher,* 21 Ill.2d 142; *People* v. *Terry,* 12 Ill.2d 56.

Defendant further contends that the court erred in sentencing him under one of the indictments to the penitentiary for a term of from eight to thirteen years for the crime of assault with a deadly weapon, since that offense is a misdemeanor for which the maximum term is one year in the county jail. This particular indictment charged both assault with intent to commit murder and assault with a

deadly weapon. The former is a felony; the latter a misdemeanor. The common-law record shows that defendant pleaded guilty as charged in the indictment and that his plea was accepted by the court. The common-law record then states that the court finds defendant guilty of assault with a deadly weapon and that the defendant is sentenced to the Illinois State Penitentiary for the crime of assault with a deadly weapon for a term of years not less than eight, nor more than thirteen. The bill of exceptions, on the other hand, indicates that the court announced a sentence of from eight to thirteen years for asault with intent to commit murder. Defendant argues that he was sentenced to the penitentiary on a misdemeanor charge, and that the sentence is void. The State, on the other hand, contends that it is clear from the bill of exceptions that the judge intended to impose the penitentiary sentence for the crime of assault with intent to commit murder and that the entry in the common-law record is a mistake on the part of the clerk. While this appears to be a reasonable surmise, we are faced with the general rule that where there is a conflict between the common-law record and the bill of exceptions, the record prevails as to all matters shown and properly appearing therein and will be taken as conclusive as against statements appearing in the bill of exceptions. (*People* v. *Garkus;* 358 Ill. 106, 109; *People* v. *Kuhn,* 291 Ill. 154.) Thus we do not feel at liberty to ignore the manifest error in the common-law record. We do not attach any particular significance to the fact that the record shows that the court found the defendant guilty of assault with a deadly weapon but contains no such finding as to assault with intent to commit murder. The defendant pleaded guilty as charged in the indictment, and no finding of guilty by the court was necessary. (*People* v. *Dodge,* 411 Ill. 549; *People* v. *Butler,* 405 Ill. 407.) The sentence imposed for the crime of assault with a deadly weapon was clearly in error and cannot stand. This, however, does not preclude defendant from now being

properly sentenced for the crimes with which he was charged in the indictment and to which he pleaded guilty, and, in our opinion, a proper disposition of this case requires that the case be remanded for a proper sentence. *People v. Vernell,* 20 Ill.2d 545; *People v. Holzapple,* 9 Ill.2d 22.

With respect to all the indictments except 58-462, the judgments of the criminal court of Cook County are affirmed. With respect to indictment 58-462, the judgment is reversed and the cause remanded to the criminal court of Cook County, with directions to enter a proper sentence.

*Affirmed in part and reversed in part and remanded, with directions.*