*In re* R. H., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* R. H., Respondent-Appellant.)

Second District   No. 79-58

Opinion filed March 28, 1980.

Mary Robinson, John Lanahan, and Elizabeth Clarke, all of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

R. H., a minor, appeals from an order of commitment to the Department of Corrections. The single issue presented for review is whether the finding that the minor violated his probation must be reversed and the order committing him to the Department of Corrections

vacated because the trial court placed the minor on an indefinite, and therefore invalid, term of probation.

R. H. was first made a ward of the court on April 9, 1974, and he was thereafter adjudicated to be a delinquent on January 5, 1977, for commission of felony theft. On February 1, 1977, after a hearing, the court entered a "Dispositional Order (Placement)" in which R. H. was placed under the guardianship of the chief probation officer of Lake County and in the legal custody of the director of the Allendale School for Boys. Other orders were entered thereafter from time to time in which the minor's supervision by the probation department was directed to continue. The State filed a petition for confirmation of wardship in May 1977, charging R. H. with the commission of robbery, battery and theft and on May 22, after a hearing, the minor admitted the battery offense and an order adjudicating him to be a delinquent was entered together with a "Dispositional Order (Probation)." The probation order did not state the term it was to be in effect, but generally required that the minor report by telephone each week to the probation department, cooperate in any programs designed for him, and cooperate with his mother, in whose custody he was released.

On August 2, 1978, the State filed a petition for revocation of the minor's probation which alleged he had been placed on probation on February 1, 1977, and had violated its terms by committing the offense of burglary on July 21, 1978. After a hearing the trial court found R. H. had committed the burglary, as alleged, and after a further hearing on September 14, 1978, entered the order committing him to the Department of Corrections from which he now appeals.

Respondent relies upon the recent case of *In re Sneed* (1978), 72 Ill. 2d 326, 381 N.E.2d 272, to support his contention that the order placing him on probation was invalid as it failed to fix a definite term of probation and thus requires that the order revoking his probation and commitment thereafter to the Department of Corrections must be reversed. We agree.

Although both respondent and the State appear to argue that the February 1, 1977, dispositional order placing him under the guardianship of the chief probation officer was a probation disposition, it did not so order; the subsequent dispositional order entered May 22, 1978, however, clearly did so. It matters little in the context of the issue before us when the trial court placed the minor on probation as both parties acknowledge that neither order specified any term or date of termination of the probationary period.

In *Sneed* the court held that the probationary provisions of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par 705—3(1)) must be imposed for a definite period of time. It rejected the argument that the

Act authorized an indefinite or continuing probation for 5 years or until the minor attains the age of 21 years, whichever is less.

In the present case the State recognizes that *Sneed* requires that a definite term of probation be imposed and suggests that the trial court intended, as it did not limit the term, that R. H. be on probation for the maximum period of five years. With such a construction of the dispositional order, the State argues, the probationary term imposed upon R. H. would not be indefinite or continuing and it would comply with the statutory limitations. We are not so persuaded and find that neither the terms of the Act nor the interpretation of it made in *Sneed* will support the State's position.

We also note that the appellate court in the recent case of *In re F. Y.* (1979), 78 Ill. App. 3d 712, 397 N.E.2d 902, held that the decision in *Sneed* is to be given retroactive effect. We agree with the reasoning and conclusion of that case. We do not agree, however, with the conclusion reached by the court in the recent case of *In re T. E.* (No. 15678, 4th District, filed Feb. 14, 1980), ___ Ill. App. 3d ___, ___ N.E.2d ___. It determined that a disposition of probation for an indefinite term, while erroneous, was merely voidable, and as no direct appeal had been taken from the order, it could not be attacked in a subsequent appeal from an order revoking that probation. The reviewing court found that there was a sufficient evidentiary basis for the order of revocation if, in fact, there existed a valid order of probation. It remanded the case to the trial court for clarification and to fix a definite term with a view, apparently, that if the term of probation is fixed so as to include the time of the offense for which the probation was revoked, that the revocation order was sustained. If, however, a probation term as so fixed expired before the violation occurred then, presumably, the order revoking probation and disposition imposed thereafter would be set aside. In our view this rationale does not comport with the findings and mandate of *Sneed* and we decline to follow it.

For these reasons the dispositional order entered May 22, 1978, purporting to place R. H. on an indefinite term of probation will be reversed and the subsequent order finding he violated the terms of that probation and committing him to the Department of Corrections will be vacated. This cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.