(No. 53329

(No. 53344

(No. 53687

(No. 53716

*In re* T.E., a Minor, Appellant (The People of the State of Illinois, Appellee).—*In re* R.H., a Minor, Appellee (The People of the State of Illinois, Appellant).—*In re* B.W.S., a Minor, Appellee (The People of the State of Illinois, Appellant).—*In re* S.C.G., a Minor, Appellant (The People of the State of Illinois, Appellee).

*Opinion filed June 26, 1981.*

Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Elizabeth E. Clarke, Marilyn J. Martin, and Michael Filipovic, Assistant Defenders, of the Office of the State Appellate Defender, of Springfield, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield, and Ronald C. Dozier, State's Attorney, of Bloomington (Martin N. Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

328

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Dennis P. Ryan and Fred Foreman, State's Attorneys, of Waukegan (Phyllis J. Perko and Barbara A. Preiner, of the State's Attorneys Appellate Service Commission, of Elgin, and Martin Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, of the Office of the State Appellate Defender, of Springfield (Gary R. Peterson, Elizabeth E. Clarke, Marilyn J. Martin, and Michael Filipovic, Assistant Defenders, of counsel), for appellee.

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Dennis P. Ryan and Fred Foreman, State's Attorneys, of Waukegan (Phyllis J. Perko and Barbara A. Preiner, of the State's Attorneys Appellate Service Commission, of Elgin, and Martin Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, of the Office of the State Appellate Defender, of Springfield (Gary R. Peterson, Elizabeth E. Clarke, Marilyn J. Martin, and Michael Filipovic, Assistant Defenders, of counsel), for appellee.

Robert Agostinelli, Deputy Defender, and Michael Filipovic, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, and Daniel D. Yuhas, Deputy Defender, and Gary R. Peterson, Elizabeth E. Clarke, and Marilyn J. Martin, Assistant Defenders, of the Office of the State Appellate Defender, of Springfield, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Kankakee (Martin N. Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

MR. JUSTICE MORAN delivered the opinion of the court:

In each of the four cases consolidated on appeal, the respective minors were found to be delinquent, were adjudicated wards of the court, and were placed on an indefinite term of probation. Each minor's probation was later revoked and a dispositional order entered. On appeal from an order revoking probation, the appellate court held in each case that the circuit court erred in placing the minor on probation without specifying a definite term. However, the respective districts of the appellate court differed as to the effect of the error on the subsequent revocation. In *In re B.W.S.* (1980), 84 Ill. App. 3d 1197 (order under Supreme Court Rule 23), and in *In re R.H.* (1980), 82 Ill. App. 3d 578, the Second District of the Appellate Court reversed each minor's order granting probation, vacated the subsequent orders revoking proba-

tion, and remanded the causes for further proceedings. In *In re T.E.* (1980), 81 Ill. App. 3d 630, the Fourth District of the Appellate Court held that the initial order granting probation without a definite term was erroneous. However, it also ruled that "since the possible maximum term of 5 years had not elapsed at the time of its entry, the order was not void, but at most voidable and subject to clarification." (81 Ill. App. 3d 630, 634.) The court, analogizing to *In re Brown* (1977), 48 Ill. App. 3d 171, ruled that the case should be reversed and the cause remanded to the juvenile court to permit that court to fix a definite term of probation and, after doing so, determine whether the act upon which the revocation was based fell within that definite term. The court stated:

> "In the instant case it is our view that there was a sufficient evidentiary basis for an order of revocation, if in fact there existed at the time a valid order of probation. The latter will, of course, depend on what definite term of probation might be fixed by the trial court." (81 Ill. App. 3d 630, 634.)

In *In re S.C.G.* (1980), 84 Ill. App. 3d 471, the Third District of the Appellate Court, following *In re T.E.,* reversed and remanded the cause to the juvenile court with similar directions. We allowed petitions for leave to appeal in each of the four cases.

To be determined is the effect a dispositional order that places a minor on probation for an indefinite term has on subsequent proceedings.

In the case of T.E., cause No. 53329, a petition for adjudication of wardship was filed in the circuit court of McLean County alleging that T.E., then 13 years of age, had committed the offense of theft. On June 6, 1978, T.E. was found by the court to be a delinquent minor and was adjudged a ward of the court. At a dispositional hearing

on October 30, 1978, T.E. was placed on probation for an indefinite term. A petition to revoke probation was filed on December 7, 1978, alleging that T.E. had committed the offense of theft. A hearing was held on January 18, 1979, wherein the trial court revoked T.E.'s probation. A dispositional hearing was held on March 21, 1979, and an order entered committing T.E. to the Department of Corrections, Juvenile Division.

In the case of R.H., cause No. 53344, the minor, R.H., 12 years of age, was made a ward of the circuit court of Lake County on March 13, 1974. Between April 9, 1974, and November 23, 1977, several petitions were filed alleging delinquency, and various orders were entered. On May 8, 1978, a further delinquency petition was filed alleging that R.H. committed the offenses of robbery, battery, and theft. At a hearing held on May 22, 1978, the trial court ordered that R.H. be placed on probation, but did not specify a definite term. On August 1, 1978, the State filed a petition alleging that R.H. had violated his probation when on July 21, 1978, he committed the offense of burglary. The court found that the State had proved the probation violation, and on September 15, 1978, entered a dispositional order committing R.H. to the Department of Corrections, Juvenile Division.

In the case of S.C.G., cause No. 53716, the State filed a petition in the circuit court of Kankakee County alleging that S.C.G., 13 years of age, was delinquent in that he committed burglary. A hearing was held on August 3, 1977, at which S.C.G. was found delinquent and was placed on probation. No termination date was specified. A petition to revoke probation was filed on April 10, 1978, but was later dismissed with the notation on the order "minor to remain on probation." A second petition to revoke probation was filed on August 31, 1978, alleging that S.C.G. had committed retail theft. On September 15, 1978, the court found that the minor had violated his

probation. On October 18, 1978, the court ordered S.C.G. committed to the Department of Corrections, Juvenile Division.

In the case of B.W.S., cause No. 53687, a delinquency petition was filed in the circuit court of Lake County alleging that B.W.S., 14 years of age, committed burglary and criminal damage to property. He was adjudicated delinquent and ordered placed on an indefinite term of probation on May 1, 1978. The order bore the notation "shall be reviewed on November 14, 1978." A petition for hearing on violation of probation was filed July 21, 1978, alleging that B.W.S. committed criminal trespass to a motor vehicle. On August 1, 1978, the court found that B.W.S. had violated probation and ordered that he be continued on probation. Petitions alleging delinquency and violation of probation were filed on September 4, 1978, and September 7, 1978. At a hearing held on December 15, 1978, the court found that B.W.S. had committed attempted murder, armed violence, burglary, aggravated assault, and unlawful use of weapons. On December 27, 1978, a dispositional order was entered continuing B.W.S. on probation with a termination date of December 29, 1981.

During oral argument, counsel for the minors stated that the minors in cause Nos. 53329, 53344, and 53716 had each been released from custody by the Department of Corrections.

In *In re Sneed* (1978), 72 Ill. 2d 326, the court, in interpreting the Juvenile Court Act, held that a disposition of probation must be for a definite term. From this interpretation, we find, as did each of the divisions of the appellate court below, that the original order of probation for an indefinite term was erroneous.

The State argues that the failure of each minor to directly appeal the original order of indefinite probation

renders the error waived. The minors argue that the error in the original probation order was not waived in that the order was void and hence open to attack at any time.

The general rule is that where no direct appeal was taken from the original order of probation and the time for appeal had expired, a court will be later precluded from collaterally reviewing the propriety of that initial order in an appeal from the revocation of that probation. (*People v. Stueve* (1977), 66 Ill. 2d 174, 178.) However, if an order is void, it may be attacked at any time. *Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112.

The State argues that the orders of probation are not void in that the trial court had jurisdiction over both the parties and the subject matter and possessed the statutory authority to impose probation. While it is true that the trial court possessed the statutory authority to impose probation, such authority was limited to the fixing of a definite term.

The established rule is that where a court having jurisdiction over both the person and the offense imposes a sentence in excess of what the statute permits, the legal and authorized portion of the sentence is not void, but the excess portion of the sentence is void. (*People ex rel. Barrett v. Sbarbaro* (1944), 386 Ill. 581, 590-91; *People v. Hamlett* (1951), 408 Ill. 171, 178; *People v. Williams* (1977), 47 Ill. App. 3d 861, 865.) The State relies on *People v. Holzapple* (1956), 9 Ill. 2d 22, wherein the defendant was convicted of the offense of burglary and sentenced to a term of not less than one year nor more than life. The statute fixed the punishment for burglary at not less than one year nor more than 20 years. The court ruled:

"This was clearly erroneous and plaintiff in error is entitled to a proper judgment and sentence

under the law in force and effect at the time of the commission of the offense. The *sentence* is not void but merely erroneous." (Emphasis added.) (*People v. Holzapple* (1956), 9 Ill. 2d 22, 27.) Based on this language, the State argues that in the case before us the order of indefinite probation was not void but merely erroneous and that consequently the minors are barred from collaterally attacking the underlying order of probation. We interpret the court's statement in *Holzapple* to the effect that the "sentence is not void" as meaning that the judgment is not void in its entirety, but only the sentencing portion of the judgment to the extent of the excess over the statutory maximum. (See *People ex rel. Miller v. Denemark* (1933), 354 Ill. 34, 36.) Thus, in *Holzapple,* that portion of the judgment which included sentencing of the defendant to a term of one year to 20 was valid as within the statutory definition and was not affected by the additional void portion of the judgment, *i.e.,* that portion sentencing the defendant in excess of the 20-year statutory maximum. See *People v. Cleggett* (1961), 22 Ill. 2d 471, 476-77, *cert. denied* (1962), 369 U.S. 840, 7 L. Ed. 2d 844, 82 S. Ct. 871; *People v. Clark* (1971), 48 Ill. 2d 554, 558.

In the case before us, the sentence of indefinite probation cannot be upheld as partially valid, as no specific term is involved. Contrary to the argument of the State, *Holzapple* is not analogous in the present case since no part of an indefinite term may be separated as a term lawfully imposed by statute. We are also not persuaded by the appellate court's reasoning in *In re T.E.* that the probation order was not void "since the possible maximum term of 5 years had not elapsed at the time of its entry." (81 Ill. App. 3d 630, 634.) This reasoning was specifically rejected by this court in *Sneed.* There, the State argued a disposition of probation automatically continues for five years or until the minor attains the age of 21. This court ruled:

"This language plainly contemplates that the minor be placed on probation for a definite period of time. It does not authorize or contemplate an indefinite or continuing probation for 5 years or until the minor attains the age of 21 years, whichever is less." (*In re Sneed* (1978), 72 Ill. 2d 326, 334.)

Since the Juvenile Court Act, as interpreted by *Sneed,* mandates that an order of probation be for a definite term, the original probation orders here are void and are subject to collateral attack in a later appeal from the order of revocation.

Finding that the sentencing portions of the original orders of probation are invalid, the question is the remedy to be applied. In *In re Sneed* (1977), 48 Ill. App. 3d 364, the appellate court examined the propriety of a trial court's extension of a minor's probation absent a hearing and a finding of probation violation. The dispositional hearing was held on June 20, 1974, at which time the minor was placed on probation for six months. Before the end of that term, a petition was filed alleging that the minor had violated probation by committing assault. At a hearing held on November 26, 1974, the assault charge was dismissed. Nevertheless, the court extended the probationary period to January 16, 1975, on the recommendation of the probation officer. On January 16, 1975, the court again extended the probationary term to May 15, 1975. After a petition charging probation violation was filed on April 18, 1975, the minor's probation was revoked at a hearing held on the following day, and the minor was committed to the Department of Corrections. The appellate court found that the Juvenile Court Act did not grant to the juvenile court the authority to extend an original probationary period in the absence of a finding that the conditions of probation had been violated. It stated:

> "[W]e hold that the court lacked statutory
> authority to extend the probationary period, as
> the court first did on November 26, 1974, in the
> instant case. Therefore, we necessarily conclude
> that because the first extension was *invalid,* the
> subsequent extension of January 16, 1975, was
> *invalid.* *** Respondent [the minor] was not
> *validly* on probation as of April 18, 1975, so the
> court, on April 19, 1975, erroneously found
> respondent in violation of probation." (Emphasis
> added.) (*In re Sneed* (1977), 48 Ill. App. 3d 364,
> 369-70.)

Accordingly, the appellate court reversed the finding of
probation violation and vacated the order of commit-
ment to the Department of Corrections. This court
affirmed. *In re Sneed* (1978), 72 Ill. 2d 326.

In the present cases, the trial courts lacked the statu-
tory authority under the Juvenile Court Act to place the
minors on an indefinite term of probation. Those portions
of the judgment granting probation for an indefinite term
were consequently void and of no effect. Since each minor
was not validly on probation at the time each was charged
with a probation violation, the subsequent orders of
revocation were likewise void.

Accordingly, we affirm the judgments of the appellate
court with respect to R.H. and B.W.S. (cause Nos. 53344
and 53687, respectively). We affirm those portions of the
judgments as to T.E. and S.C.G. (cause Nos. 53329 and
53716, respectively) which reverse the orders of probation
and probation revocation but reverse the portions of the
judgments which remanded the causes with directions to
impose a definite term of probation and to determine if
the probation violation occurred during such term. The
orders of the circuit courts of McLean and Kankakee
counties in cause Nos. 53329 and 53716, respectively, are
reversed and the causes remanded to said circuit courts for

further proceedings consistent with the views expressed herein.

> 53329 — *Appellate court affirmed in part and reversed in part; circuit court reversed; cause remanded.*
> 53344 — *Judgment affirmed.*
> 53687 — *Judgment affirmed.*
> 53716 — *Appellate court affirmed in part and reversed in part; circuit court reversed; cause remanded.*

MR. JUSTICE SIMON, concurring:

Although I concur in the majority opinion and judgment, I feel it in order to observe that while the majority and dissent express different views of jurisdiction to revoke the probationary disposition in these cases, by accepting either approach the same result can be reached. Under the majority view the original dispositional orders were void. Consequently each minor is theoretically still subject to an appropriate dispositional order on the original adjudication of delinquency. Ill. Rev. Stat. 1977, ch. 37, par. 705—1.

Under the minority view the dispositions were voidable and the improper dispositions of probation for indefinite terms were waived because the minors did not appeal. Consequently each minor, upon revocation of the improper term of probation, received a new disposition (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(6)). The new disposition was one he could have received on the original adjudication.

In either case the dispositional orders under which three minors were committed to the Department of Corrections and one now continues on a definite term of probation could have been properly entered under the

authority of the original adjudication of delinquency.

MR. JUSTICE UNDERWOOD, dissenting:

I do not agree that the trial court orders granting probation were void, and I find nothing in this court's opinion in *In re Sneed* (1978), 72 Ill. 2d 326, which holds void an order granting probation for an indefinite period. That opinion simply indicated probation should be for specified periods, and invalidated, on due process grounds, an extension of the period of probation without notice, hearing, and a finding of violation.

It is undisputed that the trial courts in these consolidated cases had jurisdiction of the subject matter of these cases and of the persons of the involved minors. In these circumstances their acts in placing the minors on probation for an indefinite period were simply errors, correctable like any other error, by appeal. (*People v. Holzapple* (1956), 9 Ill. 2d 22.) The erroneous orders were voidable, not void, and, no appeal having been taken, the errors were waived. *People v. Jennings* (1952), 411 Ill. 2d 21, 26-27; *People v. Rose* (1969), 43 Ill. 2d 273, 279; *People v. Core* (1971), 48 Ill. 2d 544, 545-46.

RYAN and CLARK, JJ., join in this dissent.