(No. 43603.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM CLARK, Appellant.

*Opinion filed May 27, 1971.*

SMITH, PENNIMAN, MCGREEVY & TOWER, of Rockford, (ALFORD R. PENNIMAN, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PHILIP G. REINHARD, State's Attorney, of Rockford, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and ROLLAND J. MCFARLAND, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

William Clark, having waived indictment, pleaded guilty to an information charging him with the offense of burglary. On September 23, 1963, he was granted probation for a period of five years.

On July 22, 1965, a petition to vacate probation was filed by the State alleging the defendant had left Winnebago County and the State of Illinois and had failed to report to his probation officer since November 4, 1964. On October 6, 1967, another petition to vacate probation was filed by the State alleging the defendant had committed the offense of burglary in the State of Wisconsin. On January 6, 1969, the trial judge dismissed the July 1965 petition and denied the October 1967 petition but found that defendant had committed the offense of burglary in the State of Wisconsin and extended probation for three years, commencing retroactively on October 6, 1967, through October 6, 1970. It was stipulated that the defendant had been incarcerated in the Wisconsin Penitentiary at Green Bay, for 14 months beginning in August 1967.

On April 3, 1969, a third petition to vacate probation was filed by the State, which alleged the defendant had committed the offense of robbery in Winnebago County, Illinois, on January 23, 1969. At a hearing on May 15, 1969, the probation was revoked and defendant was sentenced to the penitentiary for a period of not less than two nor more than seven years. The defendant was advised of his right to appeal but no appeal was taken. A petition was filed under the Post-Conviction Hearing Act, (Ill. Rev. Stat. 1969, ch. 38 par. 122—1) and was dismissed after an evidentiary hearing.

Defendant contends that on January 6, 1969, when the order was entered extending probation to October 6, 1970, without revoking the probation, the court had lost jurisdiction over the defendant, and the subsequent order of May 15, 1969, sentencing the defendant to the penitentiary was void. The contention involves an interpretation of section 117—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 117—3(a)) which provides as follows: "When within the period of probation a petition charging a violation of a condition of probation is presented

to the court which admitted the person to probation the court may issue a warrant for the arrest of the probationer. The issuance of such warrant shall toll the running of the probation period until the final determination of the charge, but shall not operate to expand the period of probation of any probationer whose probation is not revoked as a result of the hearing." The State argues that the post-conviction petition must raise constitutional issues (*People v. Fuca*, 43 Ill.2d 182) and that here there is only a question of statutory interpretation. We agree that resolving the question of whether or not the court had jurisdiction of the defendant involves an interpretation of section 117—3(a) and that it is not of constitutional magnitude. Under our Rule 604(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 604(b)) defendant had a right of appeal both from the original finding of guilty and granting of probation and from termination of probation. However, to avoid the necessity of the defendant's filing a separate action under the Habeas Corpus Act, (Ill. Rev. Stat. 1969, ch. 65, par. 1 *et seq.*) we shall consider the merits of defendant's argument.

According to defendant, the statute should be interpreted so that the probation period is not tolled during the pendency of the petition to vacate probation unless the probation is revoked as a result of the petition. He argues that since his probation was not revoked as a result of the petition, and the probation was not extended prior to September 23, 1968, when the original period would have lapsed, the court lost jurisdiction of the defendant.

From a reading of section 117—3(a) it is clear to us that such an interpretation is not correct. The issuance of a warrant tolls the running of the probation period. Here the warrant was issued during the period of the original probation and it therefore tolled the running of the period until the hearing on the charge. The fact that the probation would have lapsed during the period between the issuance of the warrant and the final hearing does not affect the

jurisdiction of the court to enter a valid order. Because the probation was not revoked, according to statute the issuance of the warrant could not operate to expand the period. Here it was not the issuance of the warrant that operated to expand the period, rather it was the order of the court extending probation that actually expanded the probation period. Defendant was given credit, pursuant to section 117—3(a), for the period between the issuance of the warrant and final hearing in that the order entered into on January 6, 1969 ,was to be effective from October 6, 1967. Thus the order of January 6, 1969, was valid and in compliance with section 117—3(a).

Section 117—1(b) of the Code of Criminal Procedure (Ill. Rev. Stat., 1969, ch. 38, par. 117—1(b)) provides: "The court may for good cause extend the period of probation for not more than an additional 2 years." The order entered by the trial court on January 6, 1969, extending probation for three years was erroneous. However, an error involving the correctness of a sentence is not a ground for discharge unless the person has served the maximum term. (*People ex rel. Holzapple* v. *Ragen*, 2 Ill.2d 124, *cert.* den. 347 U.S. 963, 98 L. Ed. 1106.) Here, in compliance with both section 117—3(a) and section 117—1(b), the probation could have been expanded until at least October 6, 1969, which is two years from the effective date of the probation extension order. Therefore on May 15, 1969, the court still had jurisdiction of the petition, and the order entered on that date sentencing petitioner to the peniteniary was valid.

For the foregoing reasons the judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*