*In re* WOODROW BROWN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* WOODROW BROWN, Respondent-Appellant.)

First District (1st Division)   No. 76-801

Opinion filed May 9, 1977.—Rehearing denied May 9, 1977.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Timothy Quinn, and Scott A. Mayer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Respondent, Woodrow Brown, was adjudged a delinquent minor upon an admission of guilt, and the circuit court of Cook County ordered that he be placed on probation for two years. The minor did not appeal from this order. Subsequently, a petition for supplemental relief was filed which charged respondent with violating his probation by committing the offense of robbery. After an evidentiary hearing, the circuit court of Cook County found a violation of probation and ordered respondent committed to the Department of Corrections. Respondent appeals from the probation revocation order, arguing that the trial court improperly accepted his admission at the delinquency hearing, and that there is nothing in the record to indicate that he had ever been adjudged a ward of the State. This opinion is filed contemporaneously with an order vacating a Rule 23 order filed in this cause on February 7, 1977, and upon denial of respondent's petition for rehearing.

■■   The first issue is whether, upon review of a juvenile commitment order after revocation of probation, the appellate court may consider

arguments pertaining to the original finding of delinquency. In the recent opinion in *In re Tucker* (1977), 45 Ill. App. 3d 728, 359 N.E.2d 1067, it was held that in an appeal from a juvenile court order revoking probation, the reviewing court lacks jurisdiction to consider alleged error in the original delinquency hearing. This holding is in agreement with the recent supreme court opinion in *People v. Stueve* (1977), 66 Ill. 2d 174, where it is stated: "Since defendant filed no notice of appeal from the original judgments entered on his negotiated pleas of guilty, the appellate court could not consider those judgments unless they were void." In the instant case, we are precluded from examining the propriety of the initial delinquency hearing. Accordingly, we may not consider appellant's arguments as to the application of the rule of *In re Beasley* (1977), 66 Ill. 2d 385.

■■ Respondent next argues that the order committing him to the Department of Corrections is void because there had not been an adjudication of wardship appearing of record, citing *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517, involving an implied adjudication of wardship. We disagree. The order of commitment is voidable, not void. (See *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 253 N.E.2d 253.) Since, however, the record does not show an express adjudication of wardship, the voidable commitment order is reversed and the cause is remanded with directions to hold the type of hearing described in *In re Thomas* (1976), 37 Ill. App. 3d 788, 353 N.E.2d 249, for the reasons expressed therein.

Order reversed; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.