51 Ill. App.3d 49 (1977)
366 N.E.2d 363
In re ESTATE OF RALPH STORINO et al. (CHERYL JANAKUS, Petitioner-Appellant,
v.
WILLIAM D. STORINO, Respondent-Appellee.)
Nos. 76-196, 76-536 cons.
Illinois Appellate Court  First District (2nd Division).
Opinion filed July 12, 1977.
*50 Nicholas Zagone, of Cardaras and Zagone, of Chicago, for appellant.
Vincent J. Tolve, of the Law Offices of Victor J. Cacciatore, of Chicago, for appellee.
Appeal dismissed in 76-196; Reversed and remanded in 76-536.
Mr. JUSTICE PERLIN delivered the opinion of the court:
These consolidated appeals question the correctness of the trial court's orders appointing Dr. Willaim D. Storino, respondent, as guardian of the estates and persons of the minors, Paul and Ralph Storino, and the trial court's denial of visitation privileges to petitioner, Cheryl Janakus. Petitioner argues that a guardian ad litem should have been appointed to represent the minors' interest during the custody proceeding, and that the trial court arbitrarily denied her visitation privileges.
In cause 76-196 the following is disclosed by the record. Ralph Storino *51 was born in 1969, and Paul Storino was born in 1973. In 1974 the minors' mother died, and about one year later their father was accidently killed. Respondent, whose relationship to the minors is undisclosed by this record, filed a petition for appointment as the minors' guardian. Petitioner, who is the aunt of the minors, also sought appointment as guardian. On August 6, 1975, the trial court entered an order which recited that the court had heard testimony and argument of counsel. The court appointed respondent as the minors' guardian. Petitioner's request for appointment as guardian was dismissed. The record herein does not contain a transcript of proceedings.
On November 14, 1975, petitioner filed a motion to vacate the guardianship order of August 6, 1975, on the basis that a guardian ad litem had not been appointed to represent the minors. On December 9, 1975, the trial court refused to vacate its guardianship order on the basis alleged by petitioner, and it continued the matter generally on petitioner's request for visitation with the minors although the record does not show when this request was made. The court further found no just reason to delay enforcement of an appeal from the order refusing to vacate the guardianship determination. Petitioner then filed a notice of appeal on December 22, 1975, from the trial court's refusal to vacate its order appointing respondent as guardian.
In cause 76-536 the trial court on March 10, 1976, denied petitioner's request for visitation privileges with the minors. The order recites a stipulation was entered that petitioner was a fit person and her home environment was proper. The court, however, noted that the parties could not agree on the question of visitation, and it refused "to impose itself in this matter."
 1 Petitioner contends without citation of persuasive authority that a guardian ad litem should have been appointed to represent the minors' interest at the proceeding which culminated in the August 6, 1975, order appointing respondent the guardian of the minors. Such proceedings were governed by section 133 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 133 (now par. 11-5)). No provision for mandatory appointment of a guardian ad litem is contained therein, nor does the record show an abuse of discretion in the trial court's failure to do so. In re Estate of Stark (5th Dist. 1975), 33 Ill. App.3d 626, 628, 342 N.E.2d 234.
 2-4 However, we believe that a more obvious reason exists which prevents consideration of petitioner's claim. The only matter which the record shows was pending before the trial court on August 6, 1975, was the respective petitions for appointment of guardian. That day the order appointing respondent was entered. Our review of the record suggests that a final order determining guardianship of the minors was entered on *52 August 6, 1975, and no appeal was perfected from that order within 30 days.[1] Rather, petitioner waited three months before seeking to vacate that order, and then petitioner filed a notice of appeal from the trial court's denial of the motion to vacate. Petitioner was untimely in her attempt to appeal this matter. (Fultz v. Haugan (1971), 49 Ill.2d 131, 134-35, 273 N.E.2d 403, 305 N.E.2d 873.) We therefore dismiss cause 76-196 for lack of jurisdiction.[2]
Petitioner urges that her request for visitation rights was arbitrarily denied by the trial court even though it was stipulated that she was a "fit person." The record is unclear as to when petitioner's request for visitation was made, but it is undisputed that petitioner's claim was rejected by the court after the aforementioned stipulation and without further hearing.
 5, 6 We believe the question of visitation is to be resolved in this case upon the best interest of the children. (See Chodzko v. Chodzko (1976), 66 Ill.2d 28, 32, 360 N.E.2d 60.) The record establishes the trial court acted without giving sufficient consideration to the best interests of the children in regard to the question of visitation. Rather, its order would suggest that visitation was denied merely because petitioner and respondent could not agree upon a proper method to effectuate petitioner's request. This denial does not comport with proper considerations, and we therefore reverse the trial court's judgment in cause No. 76-536 and remand the matter for further consideration.
No. 76-196: Appeal dismissed.
No. 76-536: Reversed and remanded.
DOWNING, P.J., and STAMOS, J., concur.
NOTES
[1] In cases involving multiple issues or parties, Supreme Court Rule 304(b)(1) provides an immediate right to appeal from an order in a guardianship proceeding if such order "finally determines a right or status of a party" without the trial court's special finding that no reason exists to delay an appeal therefrom. Even assuming that more than the issue of guardianship was pending before the court on August 6, 1975, entry of that order would have determined the right or status of respondent and petitioner to be the minors' guardian. There existed an order which was therefore immediately appealable without necessity of the trial court's special finding required under Supreme Court Rule 304(a). Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).
[2] The failure to file a timely notice of appeal would not necessarily affect consideration of petitioner's claim if the guardianship order was void. (See Orrway Motor Service, Inc. v. Commerce Com. (1976), 40 Ill. App.3d 869, 873, 353 N.E.2d 253.) However, even if it were incumbent that a guardian ad litem be appointed, the failure to do so would merely render the guardianship proceedings voidable. (City of Danville v. Clark (1976), 63 Ill.2d 408, 411, 348 N.E.2d 844.) Under such circumstances, petitioner's failure to file a proper notice of appeal precludes consideration of the propriety of the August 6, 1975, guardianship order. In re Brown (1977), 48 Ill. App.3d 171, ___ N.E.2d ___.