81 Ill. App.3d 630 (1980)
401 N.E.2d 1107
In re T.E., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
T.E., Respondent-Appellant.)
No. 15678.
Illinois Appellate Court  Fourth District.
Opinion filed February 14, 1980.
Supplemental opinion filed on denial of rehearing April 11, 1980.
*631 Richard J. Wilson and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.
Ronald C. Dozier, State's Attorney, of Bloomington (Gary J. Anderson and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Reversed and remanded.
Mr. JUSTICE WEBBER delivered the opinion of the court:
T.E., the minor respondent, was adjudicated delinquent by reason of having committed the offense of theft and made a ward of the court by order of the circuit court of McLean County on June 6, 1978. He was then placed temporarily in the custody of a shelter care facility of the Department of Children and Family Services of the State of Illinois located in Bloomington. Before a dispositional hearing could be held, a motion for detention was filed alleging that T.E. had been involved in three offenses of burglary. On order of the trial court he was then detained at the Ottawa detention facility.
Following a dispositional hearing on October 30, 1978, the minor was placed on probation for an indefinite term and remanded into the custody of the shelter care facility. No appeal was taken from this order.
*632 On December 7, 1978, a petition to revoke probation was filed alleging that T.E. had committed the offense of attempt burglary. A dispositional hearing was held on March 21, 1979. The trial court found that the allegations of the petition were proved beyond a reasonable doubt and committed the minor to the Department of Corrections, Juvenile Division. This appeal ensued.
The minor raises three issues: (1) Whether the State proved his guilt by a preponderance of the evidence; (2) whether the trial court lacked jurisdiction to enter the order of revocation; and (3) whether the trial court abused its discretion in committing him to the Department of Corrections.
The evidence at trial showed, in summary form, the following: the complaining witness who lived in an apartment house in unit 6 across the street from the shelter care facility was awakened at 11 a.m. on December 1, 1978, and found a juvenile prying a side panel off the door to her apartment. Upon confrontation by her the juvenile dropped a putty knife and ran away. She was unable to identify T.E. as the perpetrator but stated that the juvenile was "heavy set and very short." Such a physical description matched T.E.
A caseworker at the shelter care home testified that T.E. was absent from the home from 9:50 a.m. to 10:25 a.m. on the date in question. He was certain of the times. He identified a putty knife which had been taken at the scene as similar to one belonging to the home.
A police officer testified that he had interviewed T.E. on the date of the offense and that T.E. had admitted to him that he had attempted to "burglarize" apartment 5 in the complaining witness' building.
T.E. testified in his own behalf and stated that he went to the apartment house to visit a friend but the friend was not at home, so after stopping at another friend's house, not in the apartment building, he returned to the shelter care home. He admitted talking to the police officer but denied telling him that he had attempted to burglarize the apartment.
The caseworker testified in behalf of T.E. and stated that T.E. often went to the apartment house to visit friends and had done babysitting there for his friend's daughter. He stated that T.E. had told him that he went there on December 1 to visit the friend and denied any involvement in the offense.
At the conclusion of the testimony the trial court stated that T.E. was guilty not only by a preponderance of the evidence but also beyond a reasonable doubt.
On appeal the minor points to several inconsistencies and discrepancies in the testimony as establishing the failure of the necessary degree of proof. In brief these are the inability of the complaining witness *633 to make a positive identification, the discrepancy between the apartment numbers in the testimony of the officer and the alibi testimony of the minor.
 1 While each of these factors alone and in combination might cast some shadow across the record, it was primarily the function of the trial court to reconcile them and to arrive at the proper conclusion. The proof was essentially circumstantial but adequate, and we will not substitute our judgment for that of the trial court. In re Ephriam (1978), 60 Ill. App.3d 848, 377 N.E.2d 49.
A more difficult question presents itself concerning the second issue raised by respondent, viz., that of jurisdiction. The parties agree that the trial court was in error in placing the minor on probation for an indefinite term. Section 5-3(6) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705-3(6)), as interpreted by the supreme court in In re Sneed (1978), 72 Ill.2d 326, 334, 381 N.E.2d 272, mandates that a term of probation be for a specific period of time. The minor argues from this premise that the order of indefinite probation was therefore a void order and cannot serve as a predicate for an order of violation.
The State, on the other hand, argues that the order was merely voidable, and since no direct appeal was taken from it, it cannot be collaterally attacked in this proceeding. The nature of the order here, whether void or voidable, will be determinative of the issue.
The difference between a void and voidable order has been explained many times by courts of review. (See, for example, Orrway Motor Service, Inc. v. Illinois Commerce Com. (1976), 40 Ill. App.3d 869, 873, 353 N.E.2d 253, 256.) A void order has been described as one entered by a court with a lack of "inherent power to make or enter the particular order involved." (Chicago v. Fair Employment Practice Com. (1976), 65 Ill.2d 108, 112, 357 N.E.2d 1154.) We cannot say that the trial court lacked such inherent power in this case. Its power to make an order of probation was plain. Its error was in failing to fix a definite term. The order was not void, and the minor was effectively on probation at the time the order of revocation was entered.
Analogous to the instant case are several cases decided in recent times wherein a consecutive sentence was imposed "consecutive to the present sentence." In each case the sentence was affirmed but the cause was remanded for an amended mittimus to make the "present sentence" more definite and certain. People v. Meints (1976), 42 Ill. App.3d 25, 356 N.E.2d 386; People v. Logan (1974), 23 Ill. App.3d 41, 318 N.E.2d 94.
More to the point is People v. Clark (1971), 48 Ill.2d 554, 272 N.E.2d 10. In that case the defendant had been placed on probation for 5 years. Two violations were filed, one of which resulted in extending probation for 3 years. At the time, section 117-1(b) of the Code of Criminal *634 Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 117-1(b)) provided for extensions of not more than 2 years. A third violation resulted in the defendant's being sentenced for a 2- to 7-year term. The court held that although the 3-year extension was erroneous, the order of revocation and sentence were entered within the period which would have been covered by a 2-year extension and therefore the sentence was valid. The court stated that "an error involving the correctness of a sentence is not a ground for discharge unless the person has served the maximum term." Clark, 48 Ill.2d 554, 558, 272 N.E.2d 10.
 2 In the instant case the order of indefinite probation was erroneous, but since the possible maximum term of 5 years had not elapsed at the time of its entry, the order was not void, but at most voidable and subject to clarification. We believe this case to be analogous to In re Brown (1977), 48 Ill. App.3d 171, 367 N.E.2d 707. In that case there had been an order of probation and a subsequent revocation order, but there was no adjudication order appearing in the record. The appellate court reversed and remanded the cause for determination by the trial court for a hearing to determine whether any adjudication order had been entered, and if not, whether one should be. If such an adjudication be made, then the order of revocation and commitment was to stand. If no adjudication had been or should be made, then the revocation order was to be dismissed.
In the instant case it is our view that there was a sufficient evidentiary basis for an order of revocation, if in fact there existed at the time a valid order of probation. The latter will, of course, depend on what definite term of probation might be fixed by the trial court.
The minor's third and final contention is that the trial court abused its discretion in committing him to the Department of Corrections when less severe placement alternatives existed. There was evidence that the shelter care facility intended to expand its staff by negotiating with the Department of Children and Family Services for additional funding, but in the absence of any concrete indication of assent and cooperation by that Department, the evidence appears little more than gossamer.
The trial court had before it voluminous reports of social investigations of T.E. and with one exception they were all adverse. The trial court properly considered these reports. In re Stead (1978), 59 Ill. App.3d 1012, 376 N.E.2d 689.
 3 T.E. was a few days past his 14th birthday when the revocation and commitment order was entered. Yet he had a history of delinquency commencing at age seven, half his lifetime. The Juvenile Court Services of McLean County had consistently recommended commitment to the Department of Corrections, as had a report from the La Salle County Detention Home. A previous period of probation in Cook County had been terminated as unsatisfactory. The court considered the new plan of *635 the shelter care facility and rejected it on the basis that "it has all been tried before." The trial court's decision to commit to the Department of Corrections was not an abuse of discretion.
The trial court's decision is therefore reversed and the cause is remanded for further proceedings in the circuit court of McLean County consistent with the views expressed in this opinion.
Reversed and remanded with directions.
GREEN and CRAVEN, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
Mr. JUSTICE WEBBER delivered the opinion of the court:
In his petition for rehearing appellant states that the ruling of this court is contrary to the express mandate of In re Sneed (1978), 72 Ill.2d 326, 381 N.E.2d 272. We disagree.
Sneed was carefully considered in arriving at our conclusion that the cause be remanded. Nowhere does the Sneed court say that an order of indefinite probation is void. Indeed, it was not necessary to decide such a point in Sneed which is based fundamentally on a due process problem; i.e., probation was extended without the necessary hearing. We view our decision as being in harmony with Sneed, and analogous to People v. Clark (1971), 48 Ill.2d 554, 272 N.E.2d 10, and In re Brown (1977), 48 Ill. App.3d 171, 367 N.E.2d 707.
Appellant also calls our attention to In re F.Y. (1979), 78 Ill. App.3d 712, 397 N.E.2d 902, which he claims follows Sneed. Again we disagree. The parties assumed in F.Y. that either indefinite probation or definite probation with unauthorized extensions were governed by Sneed. The Third District Appellate Court did not address that problem directly; it decided the case only on a basis of retroactivity.
Accordingly, rehearing is denied.
GREEN, J., concurs.
Mr. JUSTICE CRAVEN, dissenting:
After a thorough review of Sneed, I would grant rehearing. Alternatively, I would deny rehearing but I would modify the opinion to provide that the order of probation is erroneous and that probation cannot be revoked under such an order. I would then remand to the trial court for the purpose of fixing a definite term of probation with further *636 directions that conduct of the appellant during the time from the initial order until the fixing of a definite term could not be used as a basis for revocation.