*In re* S. C. G., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* S. C. G., Respondent-Appellant.)

Third District    No. 79-96

Opinion filed June 11, 1980.—Rehearing denied June 23, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This is an appeal by the minor respondent, S. C. G., from the revocation of his probation and his commitment to the Department of Corrections. The respondent was placed on probation on August 3, 1977, after he confessed the petition which alleged that he was delinquent as a result of having committed a burglary. At that time, the sentencing judge did not set a definite length of time for respondent's probation.

On April 30, 1978, a petition for probation revocation filed against the respondent was dismissed because the State's witnesses failed to appear for the hearing, and the court indicated that he was to continue on the probation which was already imposed. When asked by the respondent's mother how long the probation would remain in effect, the trial court informed the respondent and his mother that it could continue until he was 21 years old but that, if he would straighten out, the court would let him off.

Subsequently, on August 31, 1978, another petition to revoke respondent's probation was filed in which it was alleged that the respondent had committed a retail theft. Following a hearing, the trial judge found that the State had established by a preponderance of the evidence a violation of respondent's probation and accordingly revoked

his probation. A dispositional hearing was subsequently held at which time the minor was committed to the Juvenile Division of the Department of Corrections.

The only issue presented in this appeal is whether the order revoking probation must be reversed because the trial court had no authority to place the respondent on probation for an indefinite term. In response, the State initially argues that the respondent has waived any consideration of whether the imposition of an indefinite period of probation was error by failing to raise the issue at the original adjudication of delinquency and the dispositional order of probation.

■█ Ordinarily, an issue regarding an original term of probation can not be raised at a probation revocation hearing or on appeal therefrom. (*People v. Miles* (1977), 53 Ill. App. 3d 137, 368 N.E.2d 187; *People v. Yackle* (1976), 42 Ill. App. 3d 695, 356 N.E.2d 664.) However, the failure of the respondent to challenge the indefinite term in the trial court does not preclude review of this issue because, in our judgment, the error which occurred below was substantial. (See *In re Sneed* (1977), 48 Ill. App. 3d 364, 363 N.E.2d 37, *aff'd* (1978), 72 Ill. 2d 326, 381 N.E.2d 272). Supreme Court Rule 615(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)) permits a court of review to consider plain errors or defects affecting substantial rights. Pursuant to that authority, we will consider the issue here.

Respondent contends that *In re Sneed* (1978), 72 Ill. 2d 326, 381 N.E.2d 272, and *In re F.Y.* (1979), 78 Ill. App. 3d 712, 397 N.E.2d 902, require us to reverse the order revoking probation because the original order of probation failed to specify a definite term. In the latter case, this court said:

> "In *Sneed* our supreme court held that juvenile probation must be for a definite period of time and that it cannot be extended without a finding of probation violation during the course of the probationary period." (*In re F. Y.* (1979), 78 Ill. App. 3d 712, 714, 397 N.E.2d 902, 904.)

However, we believe both *Sneed* and *F. Y.* are distinguishable from the case at bar, and that the revocation order need not be reversed.

In *Sneed* it was determined that, since the original probationary period was set for 6 months and, since the subsequent extensions of the term of probation were not valid under the statute, the respondent could not have violated his probation as the result of an act which occurred after the original 6-month probationary term had expired. On the other hand, the case at bar involves an indeterminate period of probation being originally imposed. At the hearing on the first petition to revoke probation, which petition was dismissed, the court found that the indefinite probationary term was still in effect. Thereafter, while the original period of probation was still in effect, the respondent committed

a theft which was the basis of the probation revocation now before us. ■■ The respondent argues that the trial court, after dismissing the first petition for probation revocation, in effect ordered an extension of the probationary period without first finding a violation of probation. Since by its very terms an indefinite period of probation need not be extended, the respondent's argument is not persuasive. Unlike *Sneed*, the case at bar does not involve an improper extension.

While the facts in *F. Y.* are similar to those in the present case, the State there conceded that the revocation order should be reversed, and the court had no opportunity to consider the issues presented here.

Of more relevance is *In re T. E.* (1980), 81 Ill. App. 3d 630, 401 N.E.2d 1107. In that case, the minor was placed on an indefinite period of probation, from which determination no appeal was taken. An appeal was taken later, however, after the minor's probation was revoked for a subsequent infraction.

In his appeal, T. E. argued that the order of indefinite probation was void and could not serve as a predicate for the order of revocation. The reviewing court rejected that argument and instead found that, although the order of indefinite probation was erroneous, the maximum 5-year probationary term (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(1)) had not elapsed at the time a probation violation was found. Therefore, the orders were at most voidable and subject to clarification. Since there existed sufficient evidence to support an order of probation revocation if a valid order of probation was then in effect, the appellate court remanded the cause for the imposition of a definite term of probation.

Respondent argues that *T. E.* should not be relied upon here for two reasons. First, almost three years have elapsed since the respondent was placed on probation, and it might be difficult for the juvenile court judge to recall his original sentencing intent. Just how difficult it may be is a matter of speculation, and as long as the record is intact, no insurmountable difficulty should arise.

Secondly, respondent contends that two separate trial judges must clarify orders upon remandment. However, we have already ruled that the second judge, who dismissed the first petition for probation revocation, did not extend the probationary period, and so there is no need for his order to be clarified. Only the original order of probation need be clarified by indicating the definite term intended.

■■ For the foregoing reasons, the order of the Circuit Court of Kankakee County is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.