*In re* ESTATE OF ANNA NEUF.—(ROBERT NEUF, Petitioner-Appellant, *v.* ARTHUR NEUF *et al.*, Respondents-Appellees.)

Fifth District   No. 79-638

Opinion filed June 17, 1980.

Robert F. Kaucher, of Kaucher, Collins & Ligman, of Belleville, for appellant.

Sam S. Pessin, of Pessin, Baird & Wells, of Belleville, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Respondents Arthur Neuf and Elizabeth Terschluse, his daughter, filed a petition in 1976 in the Circuit Court of St. Clair County pursuant to section 11—10 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 11—10) to have Arthur's 91-year-old mother, Anna Neuf, adjudicated incompetent and to be appointed conservators of her estate. After notice to Mrs. Neuf, the petition was granted on August 23, 1976. On January 5, 1979, a petition for an accounting and for removal of respondents as conservators was filed by petitioner Robert Neuf, respondent Arthur Neuf's brother. A hearing was held and at the close of petitioner's evidence the petition was denied. This appeal followed.

Petitioner claims that respondents obtained their appointment under false pretenses, that they undervalued the assets in the estate and that they failed to file a timely and proper inventory of the estate. As relief, petitioner seeks an order for an accounting and the appointment of a third party as conservator. Petitioner does not claim that any assets of the estate have been misapplied or any other irregularity.

We first address the appealability of the trial court's order. Supreme Court Rule 304(b)(1) provides that "a judgment or order entered in the administration of an estate, guardianship, conservatorship, or similar proceeding which finally determines a right or status of a party" is appealable. (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(1).) The committee's comments indicate that this provision applies to an order "appointing or removing an executor." The commentary states further that "[t]his paragraph is intended to be declaratory of existing law * * *. It is not the intention of the Committee to eliminate or restrict appeals from judgments or orders heretofore appealable." Ill. Ann. Stat., ch. 110A, par. 304(b)(1), Committee Comments, at 240 (Smith-Hurd 1979 Supp.).

■■ We believe that an order granting or denying removal of a conservator should be regarded as a final determination of a right or status within the meaning of Rule 304(b)(1). The trial court's order effectively denied the removal of respondents as conservators. We regard *In re Estate of Glenos* (1964), 50 Ill. App. 2d 89, 200 N.E.2d 65, and *In re Estate of Storino* (1977), 51 Ill. App. 3d 49, 366 N.E.2d 363, as authority for the appealability of orders denying removal of a conservator.

In *In re Estate of Moses* (1973), 13 Ill. App. 3d 137, 300 N.E.2d 473, the court suggested that if further judicial action is necessary in an action for an accounting and removal of an executor, an order dismissing several counts of the action is not a final order. In *Moses*, the trial court's order removing the executor was held to be a final and appealable order, however, despite the pendency of other claims whose appeal under Rule 304 was not timely. In the proceedings here, the order denying removal of the conservators and denying the accounting disposed of all the issues in the case and nothing further remained for the court's determination. Accordingly, we hold that the order of the trial court refusing to remove respondents as conservators was an appealable order. Our decision is consonant with the mandate of the Probate Act of 1975 that its provisions are to be liberally construed "to the end that controversies and the rights of the parties may be speedily and finally determined." Ill. Rev. Stat. 1977, ch. 110½, par. 1—9.

We next consider the merits of petitioner's appeal. Section 23—2 of the Probate Act enumerates the grounds for removal of a conservator. (Ill. Rev. Stat. 1977, ch. 110½, par. 23—2.) Removal may be ordered if the conservator, *inter alia*, "is acting under letters secured by false pretenses;" or "* * * there is other good cause." Ill. Rev. Stat. 1977, ch. 110½, par. 23—2(1), (10).

Petitioner did not receive written notice of the hearing on respondents' conservatorship petition in August 1976. Section 11—10(b) of the Probate Act provides that "[u]nless excused by the court for good cause

shown, it is the duty of the petitioner to give notice of the time and place of the hearing on the petition, in person or by mail, to the relatives of the alleged incompetent whose names and addresses are stated in the petition, not less than 3 days before the hearing, but failure to give notice to any relative is not jurisdictional." (Ill. Rev. Stat. 1977, ch. 110½, par. 11—10(b).) According to petitioner, respondent acted under false pretenses by misrepresenting to the court in August 1976 that petitioner was infirm and that notice to him should be excused.

Petitioner, aged 72, suffered a stroke in 1960 which left him with a speech impediment and a partial disability in his right arm. During his testimony, he acknowledged that he is hard of hearing, although he does not use a hearing aid, and he conceded that he received a telephone call from Arthur Neuf during 1976, but stated that the conversation did not concern their mother. Petitioner's wife and daughter testified that during August 1976, petitioner's health was normal and he had no illnesses. The wife and daughter also remembered petitioner receiving a telephone call from respondent Arthur Neuf during August 1976, but neither woman heard either party mention any court proceedings.

Petitioner does not challenge the adjudication of incompetence or seek his own appointment as conservator. He maintains only that his state of health was misrepresented and this misrepresentation deprived him of notice and amounted to false pretenses. We disagree. The statute states explicitly that failure to give notice to any relative is not jurisdictional. Notice was given to Anna Neuf and a guardian ad litem was appointed for her during all proceedings. The guardian did not question any of the witnesses or take a position concerning the merits of the instant petition. It is apparent that animosity exists between the parties, but we cannot say that it resulted in a fraud upon the court concerning the dependent's need for a conservator or the respondents' qualifications to serve in that capacity.

██ Petitioner next contends that respondents failed to file an accounting within thirty days of the first anniversary of their appointment, as required by section 24—11 of the Probate Act. The Act provides that "[w]ithin 30 days after the expiration of one year after the issuance of letters or within such further time as the court allows * * * the representative of a ward's estate shall present a verified account of his administration to the court which issued his letters." (Ill. Rev. Stat. 1977, ch. 110½, par. 24—11.) The record reveals that on the date of their appointment, respondents filed an inventory of the estate listing real property assets of $10,000 and personal property worth $3100. The real property consisted of the dependent's four-room home in Belleville, and the personal property comprised three bank accounts totaling $2600 and household furnishings valued at $500. No further accounting or inventory

was submitted until March 1979, when respondents filed an "interim report" listing the estate's income and expenditures from August 1976 through February 1979. No objection was made to the timeliness or contents of the report at the time of filing and petitioner does not challenge its accuracy. Petitioner cites no authorities, and none are known to us, which support removal of conservators for noncompliance with the instant time schedule which is discretionary with the court in the first place. Absent prejudice to the estate, we do not regard the lapse of time between accountings as just cause for removal.

The real controversy in this case appears to center on the valuation of certain assets, and petitioner's third contention is that respondents grossly undervalued the estate, although the importance of this may be questioned when there is no claim made that the assets of the estate are not intact. Petitioner's daughter testified that the household furnishings listed at $500 in the inventory had a market value of over $10,000. She based her estimate on personal experience buying and selling furniture and antiques and on her experience as an investment broker. She had not been inside Anna Neuf's home since 1975 or 1976, but she believed that many of Mrs. Neuf's items would be considered antiques. Petitioner's wife also testified on the basis of personal experience and belief to the antique value of certain pieces that she had seen in Anna Neuf's home several years earlier. A list of furnishings and their estimated value, made by petitioner's daughter, was admitted into evidence, but no professional appraisal or expert testimony was offered to substantiate the value assigned by petitioner to the furnishings.

Petitioner, his wife, and his daughter testified that petitioner had given Anna Neuf $1000 sometime prior to 1975 and that she had bought some oil company stock with the money. According to their testimony, Mrs. Neuf had received regular dividends from the stock, but they had not discussed the matter with her since 1975 or 1976 and they had never seen any of the stock certificates or known the amounts of the dividends.

Petitioner's final witness, a real estate broker, testified that he had seen the exterior of Anna Neuf's home and looked up the sales prices of comparably sized homes in the neighborhood. Based on this information, he estimated that the value of Mrs. Neuf's home was between $20,000 and $26,000. In arriving at this figure, however, he conceded that the condition of the interior would affect the value and that he had not seen the inside. Petitioner's daughter established that there had been a fire in the house before Mrs. Neuf moved out, but the extent of the damage was not definite.

After hearing the evidence, the trial court found that there was "insufficient proof at [the] close of petitioner's evidence" to require an accounting or the removal of respondents as conservators. We may not

disturb the finding of the trial court unless its decision is contrary to the manifest weight of the evidence. (*In re Estate of Hubbard* (1977), 54 Ill. App. 3d 238, 369 N.E.2d 292; *In re Estate of Gullett* (1968), 92 Ill. App. 2d 405, 234 N.E.2d 551.) After reviewing the record, we find that the evidence supports the determination made.

For all of the above reasons, the decision of the Circuit Court of St. Clair county is affirmed.

Affirmed.

JONES, P. J., and SPOMER, J., concur.