93 Ill. App.3d 327 (1981)
417 N.E.2d 237
In re R.R., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
R.R., Respondent-Appellant.)
No. 80-271.
Illinois Appellate Court  Third District.
Opinion filed February 19, 1981.
*328 *329 Robert Agostinelli and Karen Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.
Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Reversed and remanded.
Mr. JUSTICE STOUDER delivered the opinion of the court:
This is an appeal from an order of the circuit court of Peoria County finding the appellant, a minor, R.R., to be in contempt of court and sentencing her to 15 days in the County Juvenile Detention Center. On January 3, 1980, a two-count petition was filed in the Peoria County Juvenile Court alleging that the minor, R.R., was a minor otherwise in need of supervision in that she was beyond the control of her parents. On February 12, 1980, she was adjudicated a minor otherwise in need of supervision with the consent of the minor and her mother. Following a dispositional hearing, an order was entered on February 26, 1980, terminating the parents' custody and placing her under the guardianship of Joseph Johnson of Juvenile Court Services. The dispositional order further required the minor to cooperate with counselling efforts and placement of Juvenile Court Services.
On May 5, 1980, the State filed a verified petition for rule to show cause alleging that the minor had violated the court's dispositional order of February 26, requiring her to cooperate with counselling efforts and placement of Juvenile Court Services. The petition alleged that the minor had failed to keep various appointments and had been absent overnight from the home of Thomas Casey, where she had been placed, without permission three nights. The next day, the court issued an order to show cause commanding the minor to appear in court May 13, 1980, to show cause, if any, why she should not be held in contempt of court. On May 13, 1980, the minor appeared personally and through her guardian ad litem and attorney, A. Lou Benassi. The minor did not deny the allegations in the State's petition for rule to show cause and stated that she did not see any need for her to attend counselling sessions. After hearing arguments by counsel, the court ruled that the minor was in contempt of court, that it had the inherent power to punish for contempt, and that its contempt power was neither created nor limited by the Juvenile Court Act. The court then ruled that the appropriate punishment for the minor's contumacious conduct was a sentence of 15 days in the County Juvenile Detention Center to begin on June 1, 1980, or prior to that date if and *330 when the minor failed to attend school. On May 19, 1980, Rose Hulum of Juvenile Court Services informed the Peoria Police Department that the minor was not attending school and the minor, pursuant to court order, was placed in the Juvenile Detention Center. The court's order of confinement was then stayed pending the outcome of this appeal.
On appeal, the minor raises three issues: (1) whether the court lacked the authority to enter the underlying order upon which the contempt finding was based; (2) whether the court lacked jurisdiction to hold the minor in contempt since her parents were not given notice of the contempt hearing; and (3) whether the trial court erred in ordering the minor to be detained in a secured facility. We affirm.
 1, 2 The minor's first issue on appeal is whether the court lacked authority to enter the underlying dispositional order upon which the contempt finding was based. The minor contends that the underlying dispositional order was void for two reasons. First, she argues that because the court did not expressly state that the minor was being put under supervision, the court did not order supervision. We disagree. Where it is obvious that a minor is being placed under supervision, an order is not invalid simply because it does not expressly say the minor is under supervision. In the instant case, the minor concedes it is clear that the juvenile court acted pursuant to section 5-2(1)(b)(3) (Ill. Rev. Stat. 1979, ch. 37, par. 705-2(1)(b)(3)), which states that a minor in need of supervision on the basis that she is beyond the control of her parents may be placed under supervision. We therefore find that despite the absence of express language, the court placed the minor under supervision.
 3 We also find the court's order that the minor cooperate with counselling efforts and placement by Juvenile Court Services is permissible as part of that supervision and does not exceed the court's authority. The Council Commentary to section 5-2 makes it clear that the supervisory control which the juvenile court may exercise over minors in need of supervision is similar to probation. (Ill. Ann. Stat., ch. 37, par. 705-2, Council Commentary, at 153 (Smith-Hurd 1980-81 Supp.).) As an incident of probation under the Juvenile Court Act, a minor can be required to appear in person before a person or agency as directed by the court, undergo psychiatric treatment or attend a nonresidential program for youth. (Ill. Rev. Stat. 1979, ch. 37, par. 705-3(2)(b), (d), (k).) Therefore, the court in the instant case had the power to order the minor to cooperate with counselling efforts and placement as an incident to supervision.
 4 Appellant's second argument concerning the validity of the supervision order is that because it does not specify the term of supervision required by section 5-3(9) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 705-3(9)), it is void. The issue of the effect of a failure to specify a term in a dispositional order was dealt with in In re S.C.G. *331 (1980), 84 Ill. App.3d 471, 406 N.E.2d 590. In that case the trial court failed to specify a term of probation. On appeal, the court held that the order was voidable, not void, and subject to clarification. Since sufficient evidence existed to support an order of probation revocation if a valid order of probation was then in effect, the appellate court remanded the cause for the imposition of a definite term of probation. (See also In re T.E. (1980), 81 Ill. App.3d 630, 401 N.E.2d 1107.) We believe that in the instant case, sufficient evidence exists to support a finding that the minor violated her supervision order if it was still in effect. We therefore remand the instant cause for the imposition of a definite term of supervision.
 5-8 Although we are remanding this cause, we still must address ourselves to the minor's final two issues on appeal, concerning the validity of the contempt order itself. The minor's first argument is that the contempt order is void because her parents were not given notice of the contempt hearing. She argues that under the Juvenile Court Act such notice is required and that the lack of notice deprives the court of jurisdiction. The flaw in the minor's argument is that the court was not proceeding under the Juvenile Court Act. Courts are vested with inherent power to enforce their orders and preserve their dignity by the use of contempt proceedings and use of the contempt proceeding by a juvenile court is not dependent on the Juvenile Court Act. (In re Baker (1978), 71 Ill.2d 480, 376 N.E.2d 1005.) Therefore, the requirement of the Juvenile Court Act that parents be given notice in an action brought under the Juvenile Court Act is not applicable in a contempt proceeding. In the instant case the minor was properly served with notice and appeared with her guardian ad litem. We find that adequate notice was given and that the failure to serve notice to the minor's parents did not deprive the court of jurisdiction to enter a contempt order.
 9 The minor's final argument is that the court did not have the power to sentence the minor to 15 days detention in a secured facility. The minor argues that she was adjudicated a minor in need of supervision and not a delinquent. Since the Juvenile Court Act does not permit a minor to be detained in a secured facility unless the minor is a delinquent, she argues that the court could not so order in a contempt hearing. We disagree. A virtually identical issue was dealt with in In re G.B. (1980), 88 Ill. App.3d 64, 410 N.E.2d 410. In that case, the minor had violated his supervision order and the trial court found him guilty of contempt and sentenced him to one year probation with 60 days incarceration at a detention facility. On appeal, the court found that the trial court's inherent power extended to criminal contempt. In dealing with what sentence could be meted out for a finding of criminal contempt, the court stated:
"We recognize the parallel procedures under the Juvenile Court Act and of citation for criminal contempt that were available when *332 the minor violated the supervisory order. When, under those circumstances, the contempt route is selected, a criminal contempt is found to have taken place, and, as here, the court deems the conduct serious enough to require incarceration, we deem the appropriate procedure to ordinarily be for the court to sentence the contemnor to reasonable imprisonment." 88 Ill. App.3d 64, 67-68, 410 N.E.2d 410, 413.
In the instant case, the trial court held the criminal contempt to be serious enough to require incarceration and we do not believe this finding to be against the manifest weight of the evidence. Therefore, we believe the trial court had the authority to sentence the minor to 15 days incarceration.
For the aforementioned reasons, the order of the circuit court of Peoria County is reversed and remanded for further proceedings not inconsistent with the views expressed in this opinion.
Reversed and remanded.
ALLOY and HEIPLE, JJ., concur.