# Illinois Official Reports

## Appellate Court

*In re Estate of B.R.S.*, 2015 IL App (3d) 150038

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF B.R.S. a Minor (Jamie R. Lawson, Petitioner-Appellee, v. Conaley Michael Aaron and Jessica Erin Aaron, Respondents-Appellants). |
| District & No. | Third District<br>Docket No. 3-15-0038 |
| Filed | June 12, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 14-P-346; the Hon. Michael D. Risinger, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Robert R. Parker, of Parker & Parker, of Peoria, for appellants.<br><br>Betty K. Cassidy, of Cassidy Law Office, of Pekin, for appellee. |

| Panel | PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Holdridge and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondents, Conaley and Jessica Aaron (the Aarons), appeal the trial court's denial of their petition to vacate the order granting Jamie Lawson plenary guardianship of the minor, B.R.S. Their arguments focus primarily on Lawson's failure to (1) list them as the minor's nearest kin and her custodians in the petition for guardianship and (2) provide them notice of the hearing. They assert that these failures were part of a fraud perpetrated by Lawson upon the court in pursuit of custody of the minor. They contend that the omissions render the order voidable and require the court to conduct a more in-depth review to ascertain whose appointment as guardian would serve the best interest of the minor. Additionally, the Aarons take issue with section 11-8 of the Probate Act of 1975 (755 ILCS 5/11-8 (West 2014)) and challenge its constitutionality. They argue that on its face this section thwarts their fundamental right to due process as it confers an interest in the proceeding but retracts the need for notice allowing them to participate in the disposition of the case. Lastly, they claim that Lawson should be estopped from guardianship as a matter of law as her parental rights were relinquished in the adoption of the minor by the newly deceased parent. We agree that the trial court erred in denying the Aarons' motion to vacate. We remand the case for proceedings in accord with this opinion.

¶ 2                                        FACTS

¶ 3    B.R.S. was born to Jamie Lawson and Justin Shannon in 2005. In 2009, both parents relinquished their parental rights and their daughter was adopted by her paternal grandmother, Cindy Fincham. On October 31, 2014, Cindy passed away.

¶ 4    On November 7, 2014, Lawson petitioned the court for emergency and temporary guardianship of the minor. In the petition she acknowledged the relinquishment of her parental rights but claimed that the minor was now "without a guardian or any person who [could] provide for the child's care." She listed how her circumstances had changed, alleged that Justin's had not changed, and argued that her guardianship would be in the best interest of the minor.

¶ 5    At the hearing on the matter, Lawson testified to her current personal status, including her marriage, residence, income, and other household members.[1] She told the court she had regular contact with the minor and again informed the court that the minor was now "without a guardian or any person who can provide for the child's care including medical care." Lawson

---

[1]The record on appeal does not include a transcript of the November 7, 2014 hearing on Lawson's petition for temporary guardianship. Statements from Lawson's testimony at that hearing are gleaned from the transcript of the hearing on the Aarons' motion to vacate, which is in the record, where recounts of the petition hearing are discussed, as well as Lawson's appellate brief.

stated that at the present time the minor was with Justin. However, Jamie did not note this in her petition or include the address of the minor. Despite the fact that the petition was styled as a request for temporary guardianship, the court granted Lawson plenary guardianship. Accompanied by police, Lawson promptly went to forcibly retrieve the child from Justin, the Aarons, and several other relatives who were attending the funeral service for Cindy. She was prevailed upon to let the child remain for Cindy's funeral.

¶ 6     On November 14, the Aarons motioned for the court to vacate its *ex parte* order granting plenary guardianship to Lawson. At the motion hearing, the Aarons enumerated significant omissions from Lawson's petition for guardianship of information mandated by section 11-8 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/11-8 (West 2014)). They stated the petition was missing the correct address of the minor, the names and addresses of the minor's nearest relatives, including the Aarons, and the name and address of the person having custody of the minor. They also noted the omission of the approximate value of the minor's personal estate and the fact that the minor's gross income and receipts from social security would be approximately $1,800 per month. Lawson also omitted her occupation as a stripper at Club Cabaret. Lastly, they submitted proof that the minor had not been covered on health insurance presumably by Lawson even though providing medical care was one of the several purposes Lawson petitioned for the award of guardianship. The Aarons alleged that collectively the defects amounted to fraud and that proper notice of the petition should have been given to them. It is, they argued, thus void.

¶ 7     Lawson contended that notice is not mandatory and failure to provide such would leave the order of the court only voidable. Additionally, she, and the court, asserted that they simply did not think about other relatives, including brothers, sisters, aunts, and uncles, requiring notice under the Probate Act. The court also stated it did not find notice to Justin required, even though legally he is the minor's brother, as he was "not related anymore" pursuant to the relinquishment of his parental rights.

¶ 8     Although conceding a lot of things could have been done differently, the court denied the Aarons' petition despite their other evidence of the significance and closeness of their relationship with the child. The judge stated that the minor needed "a guardian. And I can't do a temporary guardianship, so what was left–was a plenary guardianship. That's what I ordered." The court declined to find that there had been fraud with respect to the defects in Lawson's petition and held that the lack of notice had no effect on his jurisdiction to rule on the case. The court did express its frustration with the structure, of the statute noting that "[the legislature] put down that you have got to give notice to any relative named in the petition, so how do you get around that? Just don't name them."

¶ 9     The Aarons timely appealed.

¶ 10                                    ANALYSIS

¶ 11    We review the denial of a motion to vacate for an abuse of discretion. *Berg v. Mid-America Industrial, Inc.*, 293 Ill. App. 3d 731, 734 (1997). Where our decision requires construction of the statute, our review is *de novo*. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 267 (2003).

¶ 12    The court in this case denied the Aarons' motion to vacate its order granting Lawson plenary guardianship of the minor. Sections 11-8 and 11-10.1 of the Probate Act are pertinent to the issues raised in this appeal.

"(a) The petition for appointment of a guardian *** of both the person and estate, of a minor *** *must state*, if known: (1) the name, date of birth and residence of the minor; (2) the names and post office addresses of the nearest relatives of the minor in the following order: (i) the spouse, if any; if none, (ii) the parents, adult brothers and sisters, and the short-term guardian, if any; if none, (iii) the nearest adult kindred; (3) the name and post office address of the person having the custody of the minor; (4) the approximate value of the personal estate; (5) the amount of the anticipated gross annual income and other receipts; (6) the name, post office address and, in case of an individual, the age and occupation of the proposed guardian; (7) the facts concerning the execution or admission to probate of the written designation of the guardian, if any, a copy of which shall be attached to or filed with the petition; and (8) the facts concerning any juvenile, adoption, parentage, dissolution, or guardianship court actions pending concerning the minor or the parents of the minor and whether any guardian is currently acting for the minor." (Emphasis added.) 755 ILCS 5/11-8 (West 2014).

"*Unless excused by the court for good cause shown, it is the duty of the petitioner* to give notice of the time and place of the hearing on the petition, in person or by mail *** to the relatives *** whose names and addresses are stated in the petition *** but failure to give notice to any relative is not jurisdictional." (Emphasis added.) 755 ILCS 5/11-10.1 (West 2014).

¶ 13   The plain language of the statute evidences a clear legislative intent that all the information it deemed necessary for the court's determination of the best interest of the child who is the subject of the guardianship proceeding must be provided to the court. Some of that information is required to be set out in the petition for guardianship itself. Other information is to be presented at a hearing of which all immediate relatives and current custodians or short-term guardians of the child have notice and in which they can be heard in support of or opposition to the appointment of the petitioner as guardian. Most of the information required by the statute for a meaningful best interest determination was omitted by Lawson from her petition.

¶ 14   We find that Lawson's petition for guardianship provided to and accepted by the court was evasive, duplicitous and plainly noncompliant with the statute. The petition submitted by Lawson is devoid of such basic information as: the current whereabouts and custodian of the child, the identification and location of her closest relatives, any estate and income of the child, and even, as the person seeking guardianship, her own occupation. This petition would be glaringly deficient even if prepared by Lawson herself. It is exceedingly troubling that it was prepared and submitted by a licensed attorney, who is presumed to know the applicable law and has been trained to comply with legal requirements.

¶ 15   Despite the deficiencies in the petition, the trial court awarded permanent or plenary guardianship to Lawson. Even after being made aware of the identification of close adult relatives and of other salient information omitted from Lawson's petition, the court refused to vacate the challenged order.

¶ 16   We consider the three conclusions reached by the trial court to justify its refusal to vacate its order awarding Lawson guardianship of the minor child.

¶ 17   First, concerning the fundamental issue of its jurisdiction, there is no dispute that the court had subject matter jurisdiction to consider and determine the issues presented by Lawson's petition for guardianship and the Aarons' motion to vacate the guardianship. According to the

plain language of the statute, the petitioner's failure to provide notice to proper parties does not divest the court of this jurisdiction. 755 ILCS 5/11-10.1 (West 2014) ("failure to give notice to any relative is not jurisdictional"). See *In re Estate of Neuf*, 85 Ill. App. 3d 468, 470 (1980) (court denied petition as notice was not required and had a guardian *ad litem* assess the petitioner's ability to care for the stroke victim/relative). The significance of this fact is that a judgment entered by the court in the absence of such notice is not void from its inception. It is, however, voidable and errors relative to the judgment can and should be corrected. See *People v. Mescall*, 379 Ill. App. 3d 670, 673 (2008).

¶ 18    Second, the fact that a failure to give notice is not jurisdictional is not tantamount to a finding that notice is not mandatory. To the extent that *In re Marriage of Frazier*, 205 Ill. App. 3d 621, 623 (1990), holds otherwise, we believe it was wrongly decided. Again, the plain language of the statute clearly demonstrates the mandatory nature of the notice to the Aarons and to Justin of a hearing on Lawson's guardianship petition. Section 11-8 of the Probate Act says the petition "must state, if known *** (2) the names and post office addresses of the nearest relatives of the minor in the following order *** (ii) the parents, adult brothers and sisters, and the short-term guardian, if any; if none, (iii) the nearest adult kindred." 755 ILCS 5/11-8 (West 2014).

¶ 19    Lawson attempted to explain the omission of the Aarons and Justin by claiming that she "didn't think about" them. There is, however, no dispute that they were known to her. We find her claim undercut, first, by the fact that, in preparing the petition, competent counsel would have sought the specific information required by the statute from the client, triggering her recollection of the existence of the child's relatives, and, second, by the additional fact that immediately upon receiving the order, Lawson went, accompanied by the police, to forcibly wrest the child from the custody of the very persons she failed to acknowledge or identify in the petition. It is without consequence that the trial judge also did not think about them. He was not under a statutory obligation to do so.

¶ 20    Further regarding whether providing notice was mandatory, section 11-10.1 tells us that unless the court has found good cause to excuse the notice–which the court indicated it had not–"it is the duty of the petitioner to give notice of the time and place of the hearing *** to the relatives *** whose names and addresses are stated in the petition." 755 ILCS 5/11-10.1 (West 2014).

¶ 21    It is the petitioner's statutory *obligation* to provide, *inter alia*, the names of the minor's nearest relatives and adult kin in her petition and her statutory *duty* to give notice of the hearing to those persons so named. By failing to identify close relatives and to provide such relatives with notice of the hearing on guardianship, Lawson deprived the court of its ability to make a full and fair assessment of all pertinent circumstances and reach an informed decision on guardianship that was in the best interest of this child.

¶ 22    Third, we consider the trial court's conclusions that it had no authority under the statute to grant the temporary guardianship requested in Lawson's petition and that its order awarding permanent guardianship could not or should not be vacated. While the trial court is correct that the Probate Act makes no provision for an award of an emergency or temporary guardianship, its decision to award permanent guardianship in this case without the information explicitly required by the statute is incorrect and improvident.

¶ 23    Section 11-5.4 of the Probate Act does provide for the adoptive parent's appointment, in writing, of a short-term guardian. 755 ILCS 5/11-5.4(a) (West 2014). Section 11-5.3 allows the

written appointment to be made "in any writing, including a will." 755 ILCS 5/11-5.3(a) (West 2014). The record in this case contains no transcript of the *ex parte* hearing nor otherwise discloses whether the trial court inquired about the possibility of such an appointment, whether there was a will, or even if there was verification of the adoptive parent's death. The petition was filed and the hearing held mere days after Cindy's passing and the record here on appeal does not show that anything was provided to the trial court other than the petition itself.

¶ 24 By its omissions, Lawson's petition created the false specter of a 10-year-old girl, orphaned, homeless, fending for herself "without any person who can provide for the child's care including medical care." This was not a situation where the petitioner provided false information under oath, where the court could be justified in accepting it at face value; Lawson provided no responses to critical questions. The court should have stricken her petition and required her to refile one actually in compliance with the requirements of the statute. Maybe then she would have also recalled and listed in her petition the relatives she "didn't think of" in the original petition. In the interim, appointment of a guardian *ad litem* by the court would have ensured that proper care was being provided to the child, pending an informed guardianship determination.

¶ 25 We find the trial court (1) erred in awarding Lawson guardianship on the basis of her deficient petition and (2) abused its discretion by (a) ignoring the material facts of which it had newly been made aware and which had been omitted from Jamie's petition; (b) denying the Aarons' petition to vacate its order; and (c) failing to conduct an evidentiary hearing to determine whose guardianship was in the best interest of the minor. The order is vacated and the matter remanded for the court to reconsider guardianship in light of all of the known facts and with the opportunity for involvement of all of the parties designated by the statute. Having so determined, we need not reach the Aarons' other issues here on appeal.

¶ 26                                          CONCLUSION

¶ 27 The judgment of the circuit court of Tazewell County is vacated and the matter remanded for proceedings in accord with this opinion.

¶ 28 Vacated and remanded.